## R. P. GOUHENOUR v. A. L. ANDERSON ET AL.

Decided April 23, 1904.

**1.—Mandamus to Compel Approval of Official Bond of County Judge.**

The approval of the official bond of the county judge by the commissioners court is a matter involving the exercise of judicial discretion, and mandamus does not lie to control that discretion.

**2.—Same—Action May Be Compelled, When.**

Mandamus will lie, however, to compel the court to take action on a bond tendered to it, by either approving or rejecting it; and arbitrary action on the part of the court, whether from caprice or bad motive, is not the exercise of judicial discretion.

**3.—Same—Arbitrary Caprice—Issue Raised.**

Where in an action by mandamus against the commissioners court it was shown that the county judge tendered his official bond to the court for approval, and the court entered an order neither in terms approving nor rejecting the bond, but directing that the judge be cited to appear before the court at a date named to make bond, and at such designated date no meeting of the court was held, the evidence was such as to require the submission of the issue of whether or not the court passed upon the bond tendered, or arbitrarily postponed action thereon through a desire to oust relator from his office.

**4.—Same—Necessary New Parties.**

Where, before the hearing of the mandamus, the commissioners court had declared the office of county judge vacant because of failure on the part of relator to give an acceptable bond, and a new judge had been appointed who had received the resignations of a majority of the commissioners and appointed new ones in their stead, such new judge, and perhaps also the new commissioners, should have been made parties to the action, and the trial court should have refused to proceed further until this was done.

**5.—Same—Costs of Appeal—Reversal.**

The judgment being reversed because of the failure to make new parties below, appellant (the relator) will not be taxed with the costs of appeal, on the ground that he took no steps to have new parties made, where appellees urged upon the trial court the view that their resignations put an end to the controversy and entitled them to have the suit abated, and the reversal is also predicated in part on error in the charge in failing to submit a material issue raised by the evidence.

Appeal from the District Court of Potter. Tried below before Hon. Ira Webster.

*Reeder & Cooper,* for appellant.

*Browning, Madden & Trulove,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—April 7, 1903, appellant, who was county judge of Moore County, Texas, was notified that two of the sureties on his official bonds had made application to be relieved of further liability. April 13, 1903, he submitted to the commissioners court of said county new bonds, which were not approved, if indeed they were not rejected, as will be seen from the following order, especially when read in the light of the oral testimony: "April 13, 1903. It is ordered by the court that R. P. Gouhenour be cited to appear before the court on Monday, the 27th day of April, 1903, to make a new bond as county judge, county commissioner and county superintendent

of public instruction, his present bond having become insufficient on account of a petition filed in the court on the 7th day of April, in which J. M. Terrell and H. A. Beauchamp asked to be relieved as sureties on said bond." No other bonds were offered by appellant, and no meeting of the commissioners court was held at the time appointed in this order. April 24, 1903, this action for mandamus was brought by appellant against the appellees as county commissioners of Moore County, to compel the approval of the bonds submitted to them April 13, 1903.

In one paragraph of the petition for mandamus it was charged that they had refused and failed to approve or disapprove said bonds. In the next paragraph it was charged that knowing the bonds to be sufficient both in form and as to the sureties, they had willfully and corruptly failed and refused to approve them for the fraudulent purpose of ousting appellant from office. Appellees answered, denying the charge of fraud, and pleading that after duly considering the bonds they had, in the exercise of the discretion given them by law, decided them to be insufficient both as to form and sureties, and by the order above quoted intended to disapprove them. The answer contained the further allegation that, at a meeting of the commissioners court held on the 9th day of May, 1903, the office of county judge of Moore County was declared to be vacant by reason of appellant's failure to give new bonds within the time prescribed by law, and one W. M. Jeter was appointed to fill the vacancy, who qualified, was commissioned by the Governor, and took possession of the office, after which three of the appellees, one at a time and in rapid succession, tendered their resignations, which were promptly accepted by Judge Jeter, who also appointed their successors, each of whom gave bond and took the oath of office and entered on the discharge of its duties.

The case was tried in the District Court of Potter County on change of venue, and resulted in a verdict and judgment for appellees under peremptory instructions.

The evidence was not such, on the controverted issue as to whether the commissioners court in the exercise of judicial discretion had rejected the bonds, as to warrant the court in withdrawing that issue from the jury. While there was evidence to the contrary, there was at least some evidence tending to prove that the commissioners court did not pass upon but arbitrarily postponed action on the bonds, and that at least a majority of the commissioners, out of a desire to oust appellant from office, did not intend to approve any bonds he might offer. We understand the law to be that the approval of an official bond involves the exercise of judicial discretion, and that mandamus does not lie to control or revise that discretion, but that it does lie to compel action on the part of those empowered to exercise the discretion, and that arbitrary action, whether from caprice or other bad motive, is not the exercise of judicial discretion. At the same time, if the commissioners really considered the sufficiency of the bonds tendered and rejected them.

because they deemed them insufficient, they could not be compelled to again consider them, much less to approve them, merely because some or all of the commissioners may have been influenced by improper motives. Whether or not they had so acted was a controverted issue of fact which, with the necessary parties before the court, appellant was entitled to have submitted to the jury, unless the subsequent conduct of the commissioners in appointing another county judge and then resigning had the effect of depriving him of that right. If the commissioners really considered and rejected as insufficient the bonds tendered by appellant and he failed to tender other and sufficient bonds within the time prescribed by law, a vacancy was created in the office of the county judge which they were authorized to fill. State v. Box, 2 Texas Law Journal, 946, 78 S. W. Rep., 982, and particularly the case of Flatan v. State, 56 Texas, 93, there cited. But whether they were authorized to do so or not, a new county judge was appointed who qualified and took possession of the office, and the commissioners did in fact resign, provided he had the power to accept their resignations. Appellant was thus left in a position where he needed something more than a writ of mandamus against the alleged recalcitrant commissioners. He had in fact lost his office, and that raised a new and paramount issue. His remedy then was to make Judge Jeter a party defendant, and probably also the new commissioners, and the court should have refused to proceed further unless this was done, but was not warranted in instructing the jury to return a verdict against appellant on the merits. Nelson v. Edwards, 55 Texas, 390, and case there cited.

As to the effect of the resignation of county commissioners on a mandamus proceeding, see County Commissioners v. Sellew, 99 U. S., Book 25 (L. Ed.), 333, and Murphy v. Utter, 186 U. S., Book 46 (L. Ed.), 1074.

For the error in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING AND TO TAX COSTS OF APPEAL AGAINST APPELLANT.

We are urged to at least tax the costs of appeal against appellant on the ground that his failure to make necessary parties was the cause of the appeal, that is, was the cause of the result of which he complains on appeal. If we could say from the record that it was, the motion to that extent ought perhaps to be sustained, since we might then treat the error of instructing a verdict against appellant on the merits instead of dismissing the suit for want of necessary parties as an inadvertent one which he took no steps to correct in the court below and failed to distinctly present even in this court. Watkins v. Junker, 90 Texas, 584; Wetmore v. Woodhouse, 10 Texas, 33; Helen v. Weaver, 69 Texas, 145; Lee v. Welborne, 71 Texas, 502; Pearce v. Tootle, 75 Texas, 150;

Converse v. Langshaw, 81 Texas, 281; Friedman v. Payne, 35 S. W. Rep., 47; Arnold v. Penn, 11 Texas Civ. App., 325, 32 S. W. Rep., 353; Moore v. Waco Assn., 19 Texas Civ. App., 68, 45 S. W. Rep., 974; Montrose v. Bank, 23 S. W. Rep., 709; Burkitt v. Levyman, 35 S. W. Rep., 421; Garza v. Hammond, 39 S. W. Rep., 610.

But a re-examination of the record has failed to convince us that appellant alone should be charged with the error. While he seems to have entertained and urged the view that he was entitled to ignore his successor in office and the commissioners appointed by him, and undertook to proceed without them, appellees seem to have entertained and urged upon the court the view that their resignations put an end to the controversy and entitled them to have the suit abated. The court concluded, as expressed in the peremptory instruction, "should the verdict of the jury be in favor of plaintiff, under the pleadings and evidence and law of the case, the court would not be authorized to grant the remedy asked." The case therefore seems to have been tried and disposed of without reference to the question of necessary parties, the court doubtless holding in accordance with the contention of the appellees, that because of the resignations of the appellees appellant was no longer entitled to mandamus. In this we thought on the original hearing and still think the court erred. While numerous cases may be found in which officers, by resigning, have defeated mandamus proceedings, we are of opinion that the weight of authority and sound principles sustain the contention of appellant that when the proceeding is against a body like a commissioners court it will not be defeated by the resignation of any or all of its members. Whether the succeeding members should be cited and thus made formal parties to the proceeding, or be treated as already before the court, is a question on which the authorities do not seem to be altogether satisfactory, but we are of opinion that where the body proceeded against, like the commissioners court of Texas, is not a corporate body, such members should be cited. It does not follow, however, from this that the resigning members complained against could thus relieve themselves of all liability, since appellant would be entitled to keep them before the court to abide the final judgment as to costs at least, the rule being, "as between public officers and their successors costs are to be allowed against the incumbent of the office who was guilty of the default which gave rise to the mandamus proceedings." 13 Enc. of Pl. and Prac., 820. As to the propriety of making the county judge in the actual possession of the office a party, we entertain no sort of doubt, especially in view of the complications that might arise by proceeding without him, and this view accords with the Texas authorities. In addition to what is cited in the original opinion, see Gaal v. Townsend, 77 Texas, 464, cited in the motion. But the authorities outside of Texas seem to leave it doubtful whether he would be a necessary party.

We are therefore of opinion that we would not be warranted under the circumstances in taxing the costs of appeal against the appellant,

the judgment having been reversed, not for want of necessary parties, but because the court instructed a verdict on the merits when the evidence as well as the pleadings clearly raised a controverted issue of fact, and this ruling being covered by the assignments.

We see no such difficulties in the way of making new parties because of the change of venue as appellees seem to have found. The privilege of being sued in the county of one's residence is a statutory and valuable one, but is nothing more than a privilege, and is subordinated by the statute itself to the right to join necessarv parties.

The motion is overruled.

*Overruled.*