

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN

XXXXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. 0-4862
Re: Qualifying acts required of
State, district, county and
precinct officers prerequi-
site to the exercise of func-
tions and right to fees or
compensation therefor.

Your letter of September 16, 1942, submitting the
following questions has been given our careful consideration:

"1. Apart from any other qualifying acts re-
quired by law, may any officer legally enter upon
the duties of office before taking the official
oath specified by law as a qualifying act for that
office?

"2. In the event an officer be duly elected
or appointed to an office for which the law speci-
fies more than one qualifying act, each being a
distinctly separate performance, is it an absolute
requirement that all such acts be entirely perform-
ed before such officer may enter upon the duties
of the office?

"3. Is any officer entitled to receive any
fees or compensation whatsoever for the perform-
ance of official services by virtue of having com-
plied with one or more of the statutory provisions
applying to qualification for his office, but who
has failed or refused to perform one, or more than
one, other qualifying act specified by the Consti-
tution or Statutes of the State?

"4. In the event an elected or appointed of-
ficer has failed or refused to qualify in any one
or more particulars demanded as a condition prece-
dent to entering upon the duties and receiving the
fees or compensation of office, although the officer
assumed all rights and prerogatives of the office

and continuously exercised them for a long period of time the same in all respects as if fully qualified to do so, what corrective measures are required and upon whom devolves the duty of instituting the corrective procedure?

"5. In connection with Question 4, should such an officer be found to have been in possession of the office for an unreasonably long period of time though never fully legally qualified to begin upon the duties of it, does the law require that he be forthwith removed by due process and he or his successor validly installed by election or appointment, or may he be legally permitted to perform the unfulfilled requirements of qualification and continue in office with no regard or responsibility for performance of official acts and collection of fees and compensation therefor during the period of time he may be considered to have been not qualified and in illegal possession of the office?

"6. If an officer shall have failed or refused to fully perform the qualifying acts required by law to hold his office, and to have received fees, compensation, or other valuable considerations to which it may be held he was not therefore legally entitled, is any process for the recovery of same provided by law and, if so, upon whom devolves the duty of instituting such action?"

Answering Question No. 1: As submitted, it is difficult, if not impossible, to answer. In order for an officer to _legally_ enter upon his duties, he should, and strictly speaking, perhaps must, take the official oath, and if required, give a bond.

Our courts have uniformly held, however, that where a person, who under a color of title, exercises the functions and performs the tasks of an officer, he is in law a de facto officer, although he may not be a de jure officer. See State v. Jordan, 28 S. W. (2) 921.

Question No. 2: We think what we have said relative to Question No. 1 above will answer your Question No. 2. If there is any particular officer you desire to inquire about, or any particular state of facts, we would be glad to give you an opinion based on the specific data.

Question No. 3: In response to your Question 3,

we call your attention to Article 16 of the Revised Civil Statutes, which requires each officer in this State, whether elected or appointed, before entering upon his duties, to take and subscribe to the oath of office prescribed by Article XVI, Section 1, of the Constitution.

Article IV, Section 20, of our State Constitution provides that all commissions shall be signed by the Governor, and attested by the Secretary of State.

Article 3882, of the Revised Civil Statutes, provides:

> "No official who fails or refuses to take out a commission shall be entitled to collect or receive either from the State or from individuals any money as fees of office or compensation for official services. Neither the Comptroller, Commissioners' Court, County Auditor, nor any other person, shall approve or pay any claim on account in favor of any such officer who has so failed or refused."

Since the Constitution of Texas provides that only the Governor of Texas can issue commissions to the elected officers, and that same must be attested by the Secretary of State, and since Article 3882 of the Revised Civil Statutes prohibits an officer from receiving any pay, who fails or refuses to take out his commission, you are advised that no officer who has thus failed to obtain his commission is entitled to receive or be paid any compensation.

In view of the fact that before a commission can be issued the qualifying officer must submit sufficient proof to the Governor that he has been either elected or appointed, has executed the bond, and performed such other acts as are necessary to entitle him to the commission, we deem it unnecessary to speculate on any other condition unless some specific facts are submitted.

Your Questions Nos. 4, 5 and 6 present practically the same matter, and as such, we could not give an opinion that will apply to all conditions and circumstances that might arise.

If it becomes necessary to have corrective legislation, that duty of course would fall upon the Legislature.

If an elective or appointive officer fails to comply with the law, and does not qualify, his office in some

cases may be declared vacant by the commissioners' court, or he may be removed by quo warranto proceedings.

If he has been paid fees that he was not entitled to under the law, either as a de facto or a de jure officer. suit could be brought to recover same. If there are any such conditions, it would be best for you to submit the facts surrounding each case, and the Attorney General could then determine the proper course to pursue.

Articles 6887 and 1706 of the Revised Statutes provide that where a sheriff and/or a county treasurer fails to qualify within twenty days, his office may be deemed vacant.

Article 1928, 1937 and 2340 of the Revised Civil Statutes provide that the county judge, county clerk, and members of the commissioners' court, before they enter upon their duties, shall take the oath of office and give bond.

Article XVI, Section 17, of the State Constitution provides that all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified. This provision has been construed by our courts.

In Robinson v. State, 28 S.W. 567, it appears that Robinson was elected sheriff of Hartley County for a second term, but failed to qualify as such. After he had served approximately one year of his second term, the County Attorney instituted a quo warranto proceeding against him in the District Court to oust him from said office. Among other defenses, the sheriff claimed that since Section 17, of Article XVI, of the Constitution provides "that all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified", he had a right to hold the office under his former election. In overruling this contention, the court used this language in the last paragraph of its opinion:

"* * * To sustain this position would be to hold that there would be no necessity for an officer to qualify but one time, as long as he can be successful in being elected to succeed himself. We think his election the second time would, upon his failing to qualify thereunder, create such a vacancy in the office as would authorize the commissioners' court to appoint another to fill it;"

In Goehenour v. Anderson, 81 S.W. 104, the court,

in passing upon the question as to whether there was a vacancy in the county judge's office, by reason of his having failed to give the required bond, used this language:

" * * * If the commissioners really considered and rejected as insufficient the bonds tendered by appellant, (county judge) and he failed to tender other and sufficient bonds within the time prescribed by law, a vacancy was created in the office of county judge, which they (the Commissioners) were authorized to fill."

In Flatan v. State, 56 Tex. 93, the court used this language:

"Under the laws of this state, it is necessary for a person who has been elected to the office of sheriff to take the oath of office and to execute the bonds prescribed by law. After a person elected receives his certificate of election, which is all the notice to which he is entitled, it is his right and duty to qualify; without qualification he has no right to the office, and it is incumbent upon such person so to qualify without notification so to do from the county commissioners' court, and without notice that the office will be declared vacant, and filled if he neglects or refuses to qualify."

In State v. Box, 78 S.W. 982, the court, in holding that the sheriff, who had been elected for a second term, was required to give a new bond. in order to keep the Commissioners' court from declaring the office vacant, used this language:

"As to appellee's claim that he was entitled to hold over, notwithstanding his failure to qualify, because he had already taken the oath of office and given bond as appointee of the commissioners' court, we need only cite the opinion of Justice Head in Robinson v. State, 28 S.W. 566, holding to the contrary."

We trust the above sufficiently answers your questions.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Geo.W. Barcus
Geo.W. Barcus
Assistant

GWB:MR:wc

APPROVED OCT 9, 1942
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/RWF Chairman