Jack D. McNAMARA, Appellant,

v.

Hon. J. Cole FULKS and Richard
D. Thompson, Appellees.

No. 08–92–00253–CV.

Court of Appeals of Texas,
El Paso.

April 28, 1993.

A.J. Pope, Midland, Jennifer S. Riggs, Austin, for appellant.

Albert G. Valadez, Dist. Atty., Fort Stockton, Barry Crutchfield, Templeman & Crutchfield, Loving, NM, for appellees.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

### OPINION

LARSEN, Justice.

This is an appeal from a mandamus proceeding under the Texas Open Records Act,

TEX.REV.CIV.STAT.ANN. art. 6252–17a, et seq. (Vernon Supp. Pamphlet 1993) ("TORA"). Jack McNamara, owner and publisher of *The NIMBY*[1] *News*, sought delivery of records he had requested under TORA. The trial court denied mandamus, because the 83rd District Attorney *Pro Tem.*, J. Cole Fulks, proffered the records to McNamara one week before the mandamus hearing. In a single point of error, McNamara claims that the trial court abused its discretion in refusing to award him costs and attorney's fees. We affirm that portion of the judgment declining to award attorney's fees, but reverse and render judgment that McNamara recover costs of suit from the defendants in their official capacity.

## PROCEDURAL HISTORY

In a January 1988 TORA request, Jack McNamara sought all financial records stemming from an undercover drug operation. His original request was addressed to Presidio County Sheriff Rick Thompson and Presidio County Treasurer Mario Martinez. Relying upon the litigation and law enforcement exceptions[2] to the Act, the sheriff refused McNamara access to the records, but did not request an attorney general's decision on whether the information McNamara sought was exempt from disclosure.[3] In April 1989, McNamara wrote Sheriff Thompson a second request detailing his need for the items, with a copy to Richard Barajas, then district attorney for the 83rd Judicial District. Barajas informed McNamara that he, as district attorney, was now custodian of the records, pending a criminal investigation. In July 1989, McNamara wrote Barajas again requesting the records, and Barajas wrote back stating:

> [T]hat upon full review of the request, as well as all documents in my possession in the above referenced matter, it is the opinion of this office that the requested information, i.e., the names of informants, is privileged under the existing laws in force of the Texas Open Records Act.

Barajas never requested an attorney general's decision on McNamara's request.

In August 1989, McNamara filed a petition for writ of mandamus in the 83rd District Court against Barajas and Thompson.[4] In January 1992, one week before the hearing on the mandamus, Cole Fulks (Barajas's successor in office) delivered McNamara his requested documents. In the mandamus hearing January 31, 1992, Fulks stated it was his opinion that there was no exempt material in the documents McNamara wanted, and that he had disclosed all of them. The trial court denied

---

1. "Not in My Backyard."

2. These statutorily except from disclosure:

   [I]nformation relating to litigation of a criminal or civil nature and settlement negotiations, to which the state or political subdivision is, or may be, a party, or to which an officer or employee of the state or political subdivision, as a consequence of his office or employment, is or may be a party, that the attorney general or the respective attorneys of the various political subdivisions has determined should be withheld from public inspection; [and]

   \*   \*   \*   \*   \*   \*

   [R]ecords of law enforcement agencies and prosecutors that deal with the detection, investigation, and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution. TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 3(a)(3) and (8).

3. The TORA requires that when a governmental body receives a written request for information which it considered within one of the exceptions to disclosure, and there has been no prior determination that it is exempt, the governmental body must request a decision from the attorney general within ten days. Only the attorney general, and not the governmental body or its officers, may initially determine whether the requested information is a public record or subject to an exception to disclosure. TEX.REV.CIV. STAT.ANN. art. 6252–17a, § 7(b).

   In this case, the mandatory procedure was wholly ignored.

4. The suit was filed against "Richard Barajas, 83rd District Attorney and Presidio County Sheriff Richard D. Thompson, defendants." McNamara did not specify whether the two were sued in the individual capacity, official capacity or both. The trial court later substituted Barajas's successor in office, as Barajas had resigned. Although Thompson had also left office before the mandamus hearing, no substitution was requested or made as to the Sheriff.

mandamus, as all available records had finally been delivered.

McNamara complains now only of the trial court's failure to award him attorney's fees and costs.

### THE TRIAL COURT'S RULING

The trial court ruled it could not impose sanctions on District Attorney Barajas or Sheriff Thompson because neither man, at the time of the mandamus hearing, held the office under which they were sued. Indeed, the trial court granted a motion to substitute J. Cole Fulks as defendant in the place of Barajas. The relevant exchange follows:

> D.A. Fulks: Their request [for sanctions] is moot at this point. Mr. Barajas is no longer the District Attorney.
>
> The Court: Yeah, I can't sanction them. I can't sanction them now. They're no longer...
>
> D.A. Fulks: And, Sheriff Thompson ...
>
> The Court: ... They're no longer in those capacities.
>
> .    .    .    .    .
>
> The Court: No, I'm not gonna do it. I mean I'm just not gonna cloud that right at this time.

We find this interpretation of the law is incorrect for the reasons set out below, but that other independent grounds support the trial court's refusal to award attorney's fees.

### ATTORNEY'S FEES

A prevailing party may recover attorney's fees under the TORA, at the trial court's discretion. The TORA provides:

> [T]he court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith. TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 8(b).

Generally, the trial court enjoys wide discretion in awarding attorney's fees, and

this Court will not overturn its decision absent abuse of that discretion. *Oake v. Collin County,* 692 S.W.2d 454, 455–56 (Tex.1985); *Morales v. Ellen,* 840 S.W.2d 519, 526 (Tex.App.—El Paso 1992, writ denied); *Houston Independent School District v. Houston Chronicle Publishing Company,* 798 S.W.2d 580, 590 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

▪ Although we disagree with the trial court's reasoning that it had no authority to award sanctions (including attorney's fees) once the original individuals sued had left office, we nevertheless find no abuse of discretion in denying an attorney's fees award. McNamara never requested attorney's fees until after the hearing on mandamus. McNamara first mentioned attorney's fees in his "Written Objection to the Hearing for Petitioner Request for Attorney's Fees and Sanctions" filed a week after the hearing. That motion states that McNamara "sought attorney fees," but it does not cite where he might have requested attorney's fees before hearing, nor does it state any reason why attorney's fees evidence could not have been timely presented at the hearing on his mandamus petition.

The trial court properly refused to reopen the evidence on a motion filed after hearing. At hearing, McNamara presented no evidence on attorney's fees, nor did he indicate he wished to do so. A trial court does not abuse its discretion by refusing to reopen a case after evidence is closed, particularly where the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion. *Guerrero v. Standard Alloys Manufacturing Company,* 598 S.W.2d 656, 658 (Tex.App.—Beaumont 1980, writ ref'd n.r.e.); *Smart v. Missouri–Kansas–Texas Railroad Company,* 560 S.W.2d 216, 217 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.). In the absence of any pleadings or proffer to support an award of attorney's fees, the trial court did not abuse its discretion in denying such relief. *See Valley Coca–Cola Bottling Company, Inc. v. Molina,* 818 S.W.2d 146, 149 (Tex.App.—Corpus Christi 1991, writ denied); *Travelers*

*Insurance Company v. Brown,* 750 S.W.2d 916, 918 (Tex.App.—Amarillo 1988, writ denied); *Rio Fresh Inc. v. Consolidated Produce Brokers,* 710 S.W.2d 174, 176 (Tex.App.—Corpus Christi 1986, no writ).

We further note that McNamara was *pro se* throughout most of these proceedings. Counsel's first appearance on his behalf was at the January 31 mandamus hearing. Where there are no attorney's fees to pay, the trial court is within its discretion in entering a judgment which does not award them.

We acknowledge that the trial judge did not base his decision upon any of this reasoning. Nevertheless, if we can sustain the trial court on any theory suggested by the pleadings and evidence, we must affirm even if the court below gives an incorrect reason for its ruling. It is our duty to sustain the trial court's judgment if it is correct on any theory of law applicable to the case. *Custom Leasing, Inc. v. Texas Bank and Trust Company of Dallas,* 516 S.W.2d 138, 142 (Tex.1974); *M.J.R.'s Fare of Dallas, Inc. v. Permit and License Appeal Board of Dallas,* 823 S.W.2d 327, 331 (Tex.App.—Dallas 1991, writ denied); *Dennis v. Allison,* 678 S.W.2d 511, 514 (Tex. App.—El Paso 1984), *aff'd,* 698 S.W.2d 94 (Tex.1985). We hold that the trial court did not err in entering judgment without granting an award of attorney's fees to relator McNamara.

### COSTS

■ In Texas, the general rule is that a "successful party to a suit *shall* recover of his adversary all costs incurred therein...." TEX.R.CIV.P. 131. [Emphasis added]. The trial court retains discretion, however, for good cause stated on the record, to assess costs otherwise. TEX.R.CIV.P. 141. McNamara obtained the relief he sought by mandamus here: disclosure of public records he had requested. He was clearly the successful party in the litigation and absent some good reason reflected on the record, the trial court should have assessed costs of suit against his adversaries.

Relator McNamara requested costs of suit in his "supplemental pleading," which we read as independent of his original petition, and therefore not superseded by his first amended petition.[5] His pleadings, therefore, were sufficient to put assessment of costs before the trial court.[6]

The trial court's judgment does not assess costs, nor does it state any basis for its lack of an award. The trial court abused its discretion in failing to either assess costs in favor of McNamara, or voice some justification for refusing to follow the general rule.

Moreover, we find that TORA's underlying purpose supports an award of costs to McNamara here. The TORA provides that the trial court *may* award "costs of litigation" to a prevailing party. Its declaration of policy states that:

[A]ll persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. To that end, the provisions of this Act shall be liberally construed with the view of carrying out the above declaration of

---

**5.** The pleading which contains McNamara's prayer for costs is actually titled "Plaintiff Jack D. McNamara's Supplemental Pleading and Answer to Defendant Barajas' Motion for Summary Judgment, Motion for Change of Venue, and Defendants Barajas and Thompson Original Answer." It was apparently filed pursuant to TEX.R.CIV.P. 69, is therefore "separate and distinct" from the original petition, and was not superseded when McNamara filed his amended petition later. TEX.R.CIV.P. 62, 64 and 65. We find that the plea for costs was thus contained within a live pleading at the time of hearing.

**6.** In light of the mandatory language of TEX. R.CIV.P. 131, moreover, we doubt that a successful party must plead for costs in order to receive them. We need not reach that issue here, however.

public policy. TEX.REV.CIV.STAT.ANN. art. 6252–17a, § 1.

In this case, a citizen was forced to file a petition for mandamus before gaining access to public information, acknowledged by the respondent District Attorney to contain "nothing in there that cannot be released under the Open Records Act...." In such a case, the recalcitrant governmental body should reimburse the citizen's costs expended in obtaining access to records. This case presents no compelling reason to deviate from the general rule that successful parties should recover their costs of suit. We hold, therefore, that under these facts the trial court abused its discretion in failing to award relator McNamara his costs.

■ We further hold that assessment of costs shall run against the governmental body sued, not against the individual respondents. We find that this suit is simply a mandamus action as contemplated under the TORA, that no proof of *ultra vires* conduct appears of record and the record contains no rationale for costs to be assessed against any individual office holder. Under these circumstances, this Court's award of costs to the successful party shall be paid by the governmental body refusing to disclose. Costs are not assessed against any individual respondent.

We decline to follow McNamara's suggestion that both the individual office holder and the office itself are liable for costs and attorney's fees in a mandamus action filed under the TORA. *See Gouhenour v. Anderson,* 35 Tex.Civ.App. 569, 81 S.W. 104, 105 (Tex.Civ.App.1904, no writ). Under the TORA, it is clearly the governmental body which is liable for costs of suit. The trial court erred in concluding that only the individual, not the office, was responsible for payment; the opposite is true and we so hold.

### CONCLUSION

The trial court did not abuse its discretion in refusing to award attorney's fees, as McNamara: (1) did not plead for them until after the mandamus hearing, (2) did not present any evidence of attorney's fees

at hearing; and (3) represented himself throughout most of the proceedings.

Because McNamara was a successful, prevailing party who pled for costs of suit, and because the trial court recited no good cause for assessing costs otherwise, we hold that the trial court abused its discretion in refusing to award McNamara his costs. We therefore reform the judgment to reflect that costs of suit are assessed against defendants, the 83rd Judicial District Attorney in official capacity only, and the Sheriff of Presidio County in official capacity only. In all other respects, the judgment of the trial court is affirmed.