ACCEPTED
12-15-00087-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/15/2015 9:36:33 AM
Pam Estes
CLERK

CASE NO. 12-15-00087-CV

IN THE
TWELFTH COURT OF APPEALS
at Tyler

_____

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

9/15/2015 9:36:33 AM

PAM ESTES
Clerk

FILED

9/15/2015

Twelfth Court of Appeals
Pam Estes
Clerk

EXCO OPERATING COMPANY, LP
Appellant,

V.

MARY K. MCGEE
Appellee.

_____

Appeal from Cause No. 369-09
115th District Court, Upshur County, Texas
Honorable Lauren Parish Presiding

_____

SURREPLY BRIEF OF APPELLEE MARY K. MCGEE

JOHN D. SLOAN, JR.
Texas Bar No. 18505100
E-mail: jsloan@sloanfirm.com
JUSTIN A. SMITH
Texas Bar No. 24058357
E-mail: jsmith@sloanfirm.com
Sloan, Bagley, Hatcher & Perry Law
Firm
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone: 903-757-7000
Telecopier: 903-757-7574


ATTORNEYS FOR APPELLEE
MARY K. MCGEE


**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

Table of Contents. ............................................................ i

Index of Authorities. ....................................................... ii

Terminology.................................................................... iv

Argument and Authorities. .............................................. 1

Prayer. ........................................................................... 14

Certificate of Service........................................................ 15

Certificate of Compliance. ............................................... 16

# INDEX OF AUTHORITIES

**CASES**                                                          **PAGE(S)**

*Barker v. Eckman*, 213 S.W.3d 306
(Tex. 2006) ............................................................. 11

*Findlay v. Cave*, 611 S.W.2d 57 (Tex. 1981) ............................... 6

*Fleming & Assocs. v. Barton*, 425 S.W.3d 560
(Tex. App.—Houston [14th Dist.], Feb. 27, 2014,
pet. denied May 1, 2015).................................. , 12, 14, 15, 16

*In the Interest of C.H.*, 2014 Lex. App. LEXIS 8675
(Tex. App.—Fort Worth 2014, no pet.).............................. 12

*Kupchynsky v. Nardiello*, 230 S.W.3d 685
(Tex. App.—Dallas 2007, pet. denied)................................. 7

*McNamara v. Fulks*, 855 S.W.2d 782
(Tex. App.—El Paso 1993, orig. proceeding)....................... 10

*Outdoor Sys., Inc. v. BBE, LLC*, 105 S.W.3d 66
(Tex. App.—Eastland 2003, pet. denied) .......................... 4-5

*Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*,
3 S.W.3d 112
(Tex. App.—Corpus Christi 1999, pet. denied) ........ *7, 8, 10*

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880
(Tex. 1990) ............................................................. 8

*Smith v. Patrick W.Y. Tam Trust*,
296 S.W.3d 545 (Tex. 2009) ...................................... 8, 9, 10

*Tatum v. Preston Carter Co.*, 702 S.W.2d 186
(Tex. 1986) ................................................................. 11

*Texas Gen. Indem. Co. v. Speakman*, 736 S.W.2d 874
(Tex. App.—Dallas 1987, no writ) ........................................ 7

*Wayne v. A.V.A. Vending, Inc.*, 32 S.W.3d 412, 418
(Tex. App.—Corpus Christi 2001, pet. denied) ............... 2, 6

*Weaver v. Jamar*, 383 S.W.3d 805
(Tex. App.—Houston [14th Dist.] 2012, no pet.) ................. 9

*Whole Foods Mkt. Southwest, Inc. v. Tijerina*, 979 S.W.2d 768
(Tex. App.—Houston [14th Dist.] 1998, pet. denied) ........ 13

## Texas Rules and Statutes

Tex. Civ. Prac. & Rem. Code § 38.001........................................... 15

Tex. Civ. Prac. & Rem. Code § 38.005........................................... 15

Tex. R. App. P. 33....................................................................... 12

Tex. R. Civ. P. 166a(i). ................................................................. 7

Tex. R. Civ. P. 301  ..................................................................... 8

# TERMINOLOGY

| | |
|---|---|
| "EXCO" or "Appellant" | Appellant/Defendant, EXCO Operating Company, LP |
| "McGee" or "Appellee" | Appellee/Plaintiff, Mary K. McGee |
| "Judge Parish" | Honorable Lauren Parish, 115th Judicial District Court, Upshur County, Texas |
| The "Lease" | The Oil, Gas and Mineral Lease Dated February 21, 1996, originally between Curtis Webb and Wife Mary K. McGee, as lessors, and Amoco Production Company, as lessee. (5 R.R. Pl. Ex. 1) |
| The "Property" | The 93.9 acres of land, more or less, a part of the David Meredith Survey, A-315, subject to the Lease and made the basis of the underlying lawsuit brought by McGee. |

## ARGUMENT AND AUTHORITIES

## A. EXCO has failed to demonstrate that McGee's demands were excessive.

EXCO raises several new arguments regarding excessive demand in its Reply Brief. Of note, EXCO now argues that: (1) it performed under the Lease; (2) McGee's unliquidated demands were excessive; and (3) McGee's offers at mediation should not be considered. (EXCO's Reply at 2, 6, 8). The remainder of EXCO's excessive demand arguments echo its original brief. McGee will not belabor those points, having addressed them in Appellee's Brief.

### 1. EXCO's failure to perform under the Lease justified McGee's belief that her demands were reasonable.

EXCO argues that "[t]he jury verdict further demonstrates that McGee's demands sought amounts to which she was not entitled, and that they were therefore excessive." (EXCO's Reply at 3-4). Though presented in a new package, this is little more

than a reiteration of EXCO's mantra in this appeal: "Foresight is 20/20."

To evidence this, EXCO asserts that the jury did not ultimately find McGee entitled to the *full* measure of damages she sought, and that its verdict is indisputable evidence of that fact. (EXCO's Reply at 3). This circular argument misses the point. The proper question is not whether the *jury* ultimately found McGee entitled to the full measure of damages she sought; the proper question is whether she acted reasonably *when she made her demands. Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 418 (Tex. App.—Corpus Christi 2001, pet. denied).

Prior to litigating the Lease and based upon its plain language, McGee had every reason to believe that she was legally entitled to recover damages for her land. (Appellant's App. Tab 4); (5 R.R. D.'s Ex. 6). EXCO alleges that McGee's attempt to enforce that right was unreasonable because the jury did not ultimately award her damages for that point at trial. (EXCO's Reply at 9) ("...EXCO *did* restore the well site to its proper state... [t]his is confirmed by the jury verdict, which awarded *nothing* to McGee

for loss of property value, a finding that McGee has not appealed."). This reasoning would make sense if Appellee had made demands for her land *after* the jury held she was not entitled to it; because that is not the factual scenario here, the reasoning is mystifying. Prior to a jury's verdict, there are nothing but fact questions existing regarding the elements of a cause of action and damages. If a party believes that no fact questions existing regarding these causes of action or elements of damages, they can file a motion for summary judgment and, if they are right, the trial court must grant that relief. Note, and this is important, that EXCO does _not_ assert in either their brief or reply that _they_ believed there was _no_ fact question regarding Appellee's entitlement to damages for her land and therefore filed a motion for summary judgment, which, being right in their assessment, was granted.

Appellant's argument that a jury's verdict conclusively precludes a party's reasonable belief that they are entitled to certain damages based on certain claims *before* that jury's verdict is rendered cannot be credited. Such reasoning undermines the

entire point of a jury trial. Though certainly not for a lack of effort, EXCO has failed to identify any authority charging a litigant with knowledge of the eventual outcome of their case.[1]

## 2. McGee acted reasonably when making her settlement demands.

EXCO discusses *Outdoor Sys., Inc. v. BBE, LLC* at some length, analogizing it to the case at bar. (EXCO's Reply at 6-7); *citing* 105 S.W.3d 66 (Tex. App.—Eastland 2003, pet. denied). While that case *does* address an unreasonable unliquidated demand, it bears little similarity to this case. Notably, *Outdoor* hinged on a landlord's demand for an unliquidated sum, under threat of forfeiture of the tenant's lease. *Id.* "As a general rule, the demand for rent, for the nonpayment of which the lessor may declare the lease forfeited, must be for the *precise* amount of rent due, and if an excessive amount is demanded the demand will be ineffectual." *Id.* at 71 (emphasis added). The case here differs

---

[1] With respect to the photographs, it is clear that the land had not been restored at the time they were taken, regardless of when that took place. Appellee's counsel relied on the metadata for the photographs and the dates on the electronic folders they were contained in to determine those dates, as the attorney representing Appellee below is no longer with the firm. If those dates are in error, Appellee's counsel apologizes for the mistake, which was unintentional.

4

markedly—if nothing else, EXCO is not the sort of tenant that pays rent. Moreover, the *Outdoor Systems* court took specific issue with the *fact* that the demand was unliquidated: rent is a necessarily liquidated sum, rendering such a demand wholly improper. *Id.* at 73 ("BBE's demand was not for a specific liquidated sum.").

### 3. EXCO's arguments do not warrant the remedy it seeks.

EXCO attempts to justify its mischaracterization of the facts below by asserting that there is no evidence of McGee's lowered settlement offers in the record, and that any communications it made in mediation is confidential. (EXCO's Reply at 8). It is worth noting that EXCO offers only excuses for its mischaracterization, not a denial thereof. (EXCO's Reply at 8). While EXCO is correct that no evidence of lowered settlement offers directly appears in the Reporter's Record, the motions on attorney's fees filed by both parties in the trial court reference their existence, and have gone without objection. (Appellee's App. Tab 2, p. 2 & Tab 3, p. 3). Additionally, while EXCO correctly notes that statements a party makes in an ADR proceeding cannot be offered against them,

McGee has not offered any of EXCO's statements from the proceeding; only her own.

EXCO concludes that McGee's demands were unreasonable and led directly to a jury trial, thus depriving her of the right to recover attorney's fees. In arriving at this conclusion, it takes a few wrong turns. It does correctly note that the dispositive inquiry for determining whether a demand is excessive is whether the claimant acted unreasonably or in bad faith. (EXCO's Reply at 1 (*citing Wayne*, 52 S.W.3d at 418 (Tex. App.—Corpus Christi 2001, pet. denied) (*citing Findlay v. Cave*, 611 S.W.2d 57, 58 (Tex. 1981))). However, it continually fails to acknowledge the difference between an amount to which one reasonably believes herself entitled under the unliquidated and unlitigated terms of a breached agreement, and the amount to which a jury eventually finds her entitled. (EXCO's Reply at 3-4, 7, 8, 9). Under the holding that EXCO seeks, a litigant must let the jury verdict guide her settlement demands—never mind the fact that a trial may come years after the demands are made. The notion is insupportable.

## B. EXCO has failed to demonstrate that McGee's attorney's fees were excessive.

After parroting a handful of excessive fee arguments from its original brief, EXCO correctly notes that by putting on controverting evidence of attorney's fees, it created a fact issue. (EXCO's Reply at 11-12) (*citing Texas Gen. Indem. Co. v. Speakman*, 736 S.W.2d 874, 885-86 (Tex. App.—Dallas 1987, no writ)). Unfortunately for EXCO, merely creating a fact issue does not establish an abuse of discretion sufficient to overturn a factfinder's award of attorney's fees. *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 132 (Tex. App.—Corpus Christi 1999, pet. denied). Such a fact issue would certainly preclude a no-evidence summary judgment, directed verdict, or judgment notwithstanding the verdict; it has *no* effect, however, on an issue submitted to the trial judge for factfinding. *See* Tex. R. Civ. P. 166a(i) ("The court must grant the motion unless the respondent . . . rais[es] a genuine issue of material fact."); *Kupchynsky v. Nardiello*, 230 S.W.3d 685, 688 (Tex. App.—Dallas

2007, pet. denied) ("A directed verdict is proper . . . when the evidence is insufficient to raise a material fact issue."); Tex. R. Civ. P. 301 ("[T]he court may render judgment non obstante veredicto if a directed verdict would have been proper"); *but see Pegasus Energy Group, Inc.*, 3 S.W.3d at 132.[2]

## 1. EXCO asks this Court to apply an incorrect standard.

Despite EXCO's contentions, McGee does not cite *Smith v. Patrick W.Y. Tam Trust* in support of the trial court's fee award. (EXCO's Reply at 13). Quite the contrary. *Smith* offers little—if any—direct guidance in this dispute. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d at 548 ("But the jury's fee award is not at issue here"). *Smith* addressed a procedural and evidentiary doctrine, similar to summary judgment or judgment as a matter of law, where uncontroverted evidence of attorney's fees established those fees as a matter of law, *without* submission to a factfinder. *See id.* (*citing Ragsdale v. Progressive Voters League*, 801 S.W.2d 880,

---

[2] "The trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. A trial court may be reversed for abusing its discretion only when the court of appeals finds the court acted in an unreasonable, arbitrary manner, or acted without reference to any guiding rules and principles." (internal citations omitted).

882 (Tex. 1990)). [3] It did not purport to provide guidance to courts evaluating attorney's fees awarded *by* a factfinder after reviewing controverted evidence. *Smith*, 296 S.W.3d at 547-48.

EXCO does correctly note that whether a jury acts as factfinder on attorney's fees or the trial court does, a reviewing court applies the same standard. (EXCO's Reply at 15-16); *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.—Houston [14th Dist.] 2012, no pet.). However, while fee awards determined by trial courts and juries are reviewed under the same legal standard, they necessitate different considerations. "Generally, the trial court enjoys wide discretion in awarding attorney's fees, and this [c]ourt will not overturn its decision absent abuse of that

---

[3] "It is the general rule that the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury. But there is an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. . . . While the present case fits the exception to the general rule, we do not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. For example, even though the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact."

discretion." *Id.* (*citing McNamara v. Fulks*, 855 S.W.2d 782, 784 (Tex. App.—El Paso 1993, orig. proceeding)).

## 2. A reviewing court generally may not substitute its judgment for that of the factfinder.

A trial judge has the duty to reduce a jury's award of attorney's fees if she finds a fee award, based upon uncontroverted evidence, excessive. *See, e.g., Thomas v. Bobby D. Assocs.*, 2008 Tex. App. LEXIS 5881 at *12. When, as here, a trial judge acting as factfinder awards attorney's fees after receiving evidence and argument from both sides, she enjoys considerable latitude in making her decision. *See Pegasus Energy Group, Inc.*, 3 S.W.3d at 132 ("The determination of the amount to be awarded as a reasonable attorney's fee is a question for the trier of fact, but the award must be supported by competent evidence."); *see also Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) ("The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the jury's.").

Regarding proportionality between fees and damages, the

Texas Supreme Court has spoken. In *Barker v. Eckman*, the Texas Supreme Court rejected the premise underlying EXCO's argument. *See* 213 S.W.3d 306, 314 (Tex. 2006). There, the Court remanded an award of attorney's fees for further proceedings after reducing the award of actual damages upon which the fees were based. *Id.* In doing so, it declined to substitute its judgment for that of the fact finder. *Id.* It also declined to impose a "presumptive proportionality" legal construct, under which a reviewing court would presume that an attorney's fee award is to be reduced in proportion to any reduction in actual damages. *Id.* It reasoned that such an approach would require a presumption that the fact finder "awarded attorney's fees on *some proportionality basis to actual damages.*" *Id.* at 314-15 (emphasis added). It declined to impose such a remedy. *Id.* (*citing Tatum v. Preston Carter Co.*, 702 S.W.2d 186, 188 (Tex. 1986) (holding that court of appeals erred in proportionally reducing exemplary damages in the exact ratio as the actual damages were reduced)).

The record before this Court allows a single conclusion: that Judge Parish, having reviewed the evidence submitted to her and

the circumstances of the case, concluded that McGee was entitled to the amount of attorney's fees ultimately awarded. (Appellant's App. Tab 2). The fact that EXCO disagrees with the weight that Judge Parish gave to each party's evidence does not constitute an abuse of discretion.

### C. The recent *Fleming* decision does not relieve EXCO of liability for McGee's attorney's fees.

EXCO asserts that the recent *Fleming & Assocs. v. Barton* decision from the Fourteenth District shields it from liability for McGee's attorney's fees. (EXCO's Reply at 17); 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.], Feb. 27, 2014, pet. denied May 1, 2015). As a threshold matter, EXCO has waived this argument. To preserve an error for appeal, a litigant must object to the error and obtain a ruling denying it. Tex. R. App. P. 33. EXCO did neither, despite filing a Motion for New Trial on the sole issue of attorney's fees over a year after the *Fleming* decision was issued. (C.R. 263-269). Generally speaking, any issue not raised at trial or in a motion for new trial is waived on appeal. *In the Interest of C.H.*, 2014 Lex. App. LEXIS 8675, *4 (Tex. App.—

12

Fort Worth 2014, no pet.) This holds true even if a new opinion is issued while the case is pending. *See Whole Foods Mkt. Southwest, Inc. v. Tijerina*, 979 S.W.2d 768, 773 (Tex. App.— Houston [14th Dist.] 1998, pet. denied). *Tijerina* involved an appeal from a jury verdict finding the appellant liable for retaliatory discharge under the Labor Code. *See id.* at 772. The appellant raised for the first time on appeal the argument that, as a non-subscriber to the Worker's Compensation Act, they could not be held liable for retaliatory discharge under the Labor Code. *See id.* This argument was based upon a Texas Supreme Court opinion, *Texas Mexican Railroad. Co. v. Bouchet*, issued after a jury rendered a verdict in favor of the plaintiff. *See id.* at 772. The appellee asserted that the argument was waived because it had not been raised to the trial court. *See id.* at 773. The appellant, in response, claimed that it could not have raised the argument because two sister court had held, and dicta from the Texas Supreme Court suggested, that the argument was precluded. *See id.* Holding that the argument was waived because it was not raised below, the court found that nothing precluded the appellant

from making argument at the trial court. *See id.* First, none of the existing authority was binding on the trial court. *See id.* "After all, [the appellant in *Bouchet*] objected during the trial, and having preserved the issue for appeal, raised the issue with the court of appeals in spite of [the contrary authority." *See id.* Moreover, even if there *had* been binding contrary authority, there was still "no reason why [appellant] could not have made [the] argument," for purposes of preserving it for appeal. *See id.*

Here, of course, Appellant does not even assert that there was any contrary authority; rather, they simply argue that *Fleming* is "new law." It is not, however, new law, as *Fleming* was decided in February 27, 2014, almost a year prior to the trial court issuing her Findings of Fact and Conclusions of Law on attorney's fees, in January 2015, and Appellant had ample opportunity to raise the argument below. Nor is *Fleming* "new law," because *Fleming* is only binding authority for trial courts in the 14th District Court of Appeals. Appellant has less excuse than those put forward in *Tijerina*, and their attempt to raise *Fleming* at the 11th hour is improper and should be precluded.

Assuming *arguendo* that EXCO may still raise its *Fleming* argument, this Court should decline to adopt the holding. The opinion put great weight on the plain text and legislative history of Texas Civil Practice and Remedies Code § 38.001, but nonetheless came to the flawed conclusion that *only* individuals and corporations may be held liable for attorney's fees under Chapter 38. *Fleming & Assocs. v. Barton*, 425 S.W.3d at 575. As noted in the *Fleming* opinion, the legislative intent behind Chapter 38's change of wording was to eliminate *governmental* liability. *Id*. There is simply no logical reason for Chapter 38 to apply to individuals and corporations, but not partnerships or other business entities. Assuming that the Chapter's underlying purpose is to encourage certain classes of aggrieved parties to pursue judicial remedies for their harms, such an arbitrary construction would surely impair the underlying purpose, rather than further it. *See* Tex. Civ. Prac. & Rem. Code § 38.005 ("This chapter shall be liberally construed to promote its underlying purposes"). Absent a binding decision from the Texas Supreme Court holding to the contrary, this Court should reject the

*Fleming* argument as contrary to public policy.

## PRAYER

Appellee Mary K. McGee respectfully prays that this Court affirm the trial court's judgment awarding her the reasonable attorney's fees that she incurred while prosecuting this action.

Respectfully submitted,
Sloan, Bagley, Hatcher & Perry Law Firm
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone: 903-757-7000
Telecopier: 903-757-7574

By: */s/Justin A. Smith*
JOHN D. SLOAN, JR.
Texas Bar No. 18505100
E-mail: jsloan@sloanfirm.com
JUSTIN A. SMITH
Texas Bar No. 24058357
E-mail: jsmith@sloanfirm.com

**ATTORNEYS FOR APPELLEE MARY K. MᶜGEE**

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that pursuant to Rule 9.5, Texas Rules of Appellate Procedure, that a true and correct copy of the foregoing brief was served upon the following counsel electronically, through the electronic filing manager, and via certified mail, return receipt requested, on this the 15th day of September, 2015:

> Jennifer Parker Ainsworth
> E-mail: jainsworth@wilsonlawfirm.com
> Matthew T. Milam
> E-mail: mmilam@wilsonlawfirm.com
>
> [Attorneys for Appellee EXCO Operating Company, LP]
>
> Wilson, Robertson, and Cornelius, P.C.
> One American Center
> 909 ESE Loop 323, Suite 400 [01]
> P.O. Box 7339
> Tyler, Texas 75711-7339
> Telephone: (903) 509-5000
> Telecopier: (903) 509-5091

_____

## CERTIFICATE OF COMPLIANCE

I, JUSTIN SMITH, attorney for Appellee Mary K. McGee, hereby certify, pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), that there are 5906 words in the foregoing Appellant's Brief. I am making this certification based upon reliance on the word count of the computer program used to create Appellee's Brief.