**Anna M. ESTRELLO, Appellant,**

v.

**Dr. James E. ELBOAR, M.D., and Dr. James E. Elboar, P.A., d/b/a American Institute Of Orthopedics and Sports Medicine, Appellees.**

**Dr. James E. ELBOAR, M.D. and Dr. James E. Elboar, P.A., d/b/a American Institute Of Orthopedics and Sports Medicine, Appellants,**

v.

**Anna M. ESTRELLO, Appellee.**

No. 2–97–235–CV.

Court of Appeals of Texas, Fort Worth.

March 19, 1998.

Gina Dieli Cecil & Associates, Gina Dieli Cecil, Dallas, for appellant (Estrello).

Cantey & Hanger, L.L.P., Larry Hayes, Evelyn R. Leopold, Fort Worth, for appellee (Elboar, et al.).

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

Appellant Anna M. Estrello (Estrello) appeals from the trial court's dismissal of her medical malpractice suit against appellees Dr. James E. Elboar, M.D. and Dr. James E. Elboar, P.A., d/b/a American Institute of Orthopedics and Sports Medicine (Elboar). In a single issue, Estrello asserts the trial court erred in dismissing her suit pursuant to section 13.01 of the Medical Liability and Insurance Improvement Act (the Act). *See* TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Supp.1998). Elboar brings a single cross-point complaining that the trial court erred in refusing to award attorneys' fees and costs of court as sanctions for failure to comply with the expert reporting notification of section 13.01.

### II. FACTUAL BACKGROUND

On October 8, 1996, Estrello filed suit against Elboar for negligence in connection with an operation on her left knee. Because her suit was against a health care provider, Estrello needed to comply with the procedural rules set forth in section 13.01(d)-(g), which states:

> (d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant

shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

(e) If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an order awarding as sanctions against the claimant or the claimant's attorney:

(1) the reasonable attorney's fees and costs of court incurred by that defendant;

(2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and

(3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

(f) The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection.

(g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

*Id.* § 13.01(d)-(g).

Thus, pursuant to section 13.01(d), Estrello had 180 days after she filed suit to either provide Elboar with an expert report and curriculum vitae or voluntarily nonsuit the action. *See id.* § 13.01(d). She did neither. Estello alleges: (1) she went to see Dr. Robert Bayless about her knee in December of 1996; (2) her attorney, Gina Dieli Cecil (Cecil), called Dr. Bayless several times to get an expert report; and (3) Cecil finally sent Dr. Bayless a letter asking for a report on April 25, 1997. Meanwhile, the 180–day deadline after filing suit passed on April 7, 1997, without the production of an expert report or curriculum vitae, without any action taken to nonsuit the case, and without any request for more time to comply under section 13.01(f). *See id.* § 13.01(f).

Elboar then moved to dismiss and sought sanctions under section 13.01(e). *See id.* § 13.01(e). In doing so, Elboar's counsel, Stacey H. Langenbahn (Langenbahn), phoned Cecil to get her certificate of conference for the motion. Elboar alleges that, during that conversation, Cecil told Langenbahn that she did not need to furnish an expert report because she had filed a cost bond.

Elboar filed his motion to dismiss and motion for sanctions on June 9, 1997 and the motions were set for hearing at 2:00 p.m. on June 20, 1997. Approximately eight minutes before the hearing, Cecil filed Estrello's motion to extend defendant's motion to dismiss and motion for sanctions on the ground that a member of Cecil's staff inadvertently misfiled Dr. Bayless's expert report when it came into her office on May 2, 1997 and it was not found until the night before the scheduled hearing.[1]

At the beginning of the hearing, Elboar asked the trial court to take judicial notice of the fact that Estrello's motion to extend was filed eight minutes before the hearing and to deem it untimely filed pursuant to local court rules that require three days' notice before a motion can be heard. The trial court took judicial notice of the timing of Estrello's motion and initially agreed with Elboar's position. However, the trial court did not specif-

---

1. Estrello's motion did not specifically reference section 13.01(f) and (g) but her arguments at the hearing revolved around these particular provisions. On appeal, her arguments stem from section 13.01(g).

ically overrule Estrello's motion on the ground it was untimely filed because of the interrelated nature of the two motions. The trial court then allowed the parties to present evidence on the merits of their respective motions.

Elboar set forth the time line of the alleged events, argued that section 13.01(d) controlled, and then contended that dismissal was mandatory because Estrello could not satisfy the requirements of either 13.01(f) or 13.01(g). As to section 13.01(f), Elboar argued that the only way Estrello could have gained a 30–day extension for furnishing the expert report and curriculum vitae was if she had filed her motion to extend during the 180–day period and shown good cause for the extension. *See id.* § 13.01(f). As to section 13.01(g), Elboar acknowledged that Estrello's motion might be timely but asserted that Cecil's failure to meet the deadlines of 13.01(d) and 13.01(f), combined with her statements during the certificate of conference phone call, show that the failure to furnish the items was intentional or the result of conscious indifference. *See id.* § 13.01(d), (f), (g). Cecil acknowledged the phone call between herself and Langenbahn but contended she merely told Langenbahn that she did not yet have an expert. Cecil then argued that her failure to furnish the report and curriculum vitae was not intentional or consciously indifferent so that she was entitled to 30 days to furnish the items pursuant to 13.01(g). *See id.* § 13.01(g).

After the parties were given an opportunity to restate their positions, the trial court granted Elboar's motion to dismiss and remarked that Elboar failed to present any evidence of attorneys' fees or court costs in relation to the mandatory sanctions authorized by section 13.01(e). *See id.* § 13.01(e). Langenbahn acknowledged the failure and asked for leave so that she could call her office and obtain the information on attorneys' fees and court costs. The trial court then: (1) denied Langenbahn leave to make the phone call; (2) granted her request to make an offer of proof; (3) denied her the opportunity to call and get the information to make the offer of proof; (4) stated "[y]ou can submit an affidavit of what the attorney's

fees were and if y'all decide to appeal this to the Second Court of Appeals, we'll let them rule correctly as a matter of law what the evidentiary effect of a—that affidavit will be"; and (5) denied her request for another hearing on the issue. The trial court signed its order of dismissal that day. On July 18, 1997, Elboar filed his motion to include affidavits and exhibits of attorneys' fees and costs of suit in the reporter's record for appeal. Thereafter, the trial court signed an order directing the clerk to include three affidavits in the record sent to this court.

## III. DISCUSSION

### A. Dismissal of the Suit

Estrello acknowledges she failed to follow the procedure set forth in section 13.01(d). However, she contends the trial court dismissed her suit on an inappropriate basis, namely, that her 13.01(g) motion to extend was not timely filed because it was not filed three days before the hearing on the motion to dismiss. Specifically, Estrello asserts section 13.01(g) precludes dismissal because: (1) her motion to extend is "considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section"; (2) she filed the motion before the hearing and the statute does not provide for a three-day notice requirement; (3) her failure to furnish the report "was not intentional or the result of conscious indifference but was the result of an accident or mistake"; and (4) the trial court "shall grant a grace period of 30 days to permit the claimant to comply" when the requirements of section 13.01(g) are met. *Id.* § 13.01(g).

Elboar argues the trial court heard evidence and argument on Estrello's motion to extend and therefore did not dismiss on the ground that her motion was untimely filed. Instead, Elboar contends the trial court: (1) denied the motion to extend on the ground that Estrello failed to show her noncompliance with 13.01(d) was "not intentional or the result of conscious indifference but was the result of an accident or mistake"; and (2) did not abuse its discretion in dismissing the suit. We agree.

To determine whether a trial court abused its discretion, we must decide "whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *see Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred. *See Downer,* 701 S.W.2d at 241–42.

An abuse of discretion does not occur where the trial court bases its decisions on conflicting evidence. *See Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *Kirkpatrick v. Memorial Hosp. of Garland,* 862 S.W.2d 762, 776 (Tex.App.—Dallas 1993, writ denied). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *See Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

We begin by noting that the parties disagree as to the reason why the trial court dismissed the suit. As stated above, Estrello believes her motion to extend was denied because it was untimely filed while Elboar contends his motion to dismiss was granted because Estrello did not show her failure to comply with section 13.01(d) was the result of mistake or accident.

However, the trial court essentially combined the motion to extend and the motion to dismiss into one hearing and asked for and heard evidence and argument on the merits of both motions. As a result, the trial court heard evidence and argument that: (1) Estrello's suit was filed October 8, 1996; (2) a cost bond was timely filed; (3) Estrello went to see Dr. Bayless in December 1996; (4) the 180–day period for furnishing an expert report and curriculum vitae ended April 7, 1997; (5) Cecil sent a letter asking for a report to Dr. Bayless on April 25, 1997; (6) Dr. Bayless sent a report to Cecil's office on May 2, 1997; (7) Langenbahn talked to Cecil on June 9, 1997 and Cecil told her she did not need an expert report; (8) Elboar moved to dismiss on June 9, 1997; and (9) Cecil discovered the report and filed her motion to extend eight minutes before the hearing to dismiss on June 20, 1997.

Thus, as to 13.01(f), the trial court heard evidence that Estrello failed to comply with either 13.01(d) or 13.01(f) before any employee allegedly mishandled the report. Cecil's only excuses for not meeting the actual deadlines under those provisions were that Estrello missed several appointments and Dr. Bayless did not return her phone calls. However, these excuses do not suffice. Section 13.01(d) is mandatory and 13.01(f) is designed for just these types of situations where a party needs a little extra time to comply "for good cause shown." TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(d), (f). Section 13.01(f) is specifically limited to a 30–day extension of the 180–day compliance period. *See id.* § 13.01(f). Here, Estrello did not move for or request a hearing until June 20, 1997, almost two and one-half months after the 180–day period expired.

Next, as to 13.01(g), the trial court heard conflicting evidence concerning whether Cecil believed she needed to file an expert report in the first place. *See Davis,* 571 S.W.2d at 862; *Kirkpatrick,* 862 S.W.2d at 776. This conflicting evidence goes directly to the culpability considerations of 13.01(g). *See McClure v. Landis,* 959 S.W.2d 679, 681–82 (Tex.App.—Austin 1997, n.w.h.) (discussing necessity of viable excuse for second chance under 13.01(g)). The trial court apparently gave weight to Langenbahn's testimony because it questioned Cecil as to why the mishandling of the report should preclude dismissal in light of other previous events. Cecil could only reiterate that the mishandling of the report was not intentional. She did not explain her noncompliance with the statute before the expert report was mishandled, thus lending some credibility to Langenbahn's testimony. As a result, we cannot say that the trial court's ruling was arbitrary or unreasonable. *See Worford,* 801 S.W.2d at 109. We overrule Estrello's sole issue.

## B. Attorneys' Fees and Costs of Court

■ In his sole cross-point, Elboar contends the trial court erred in refusing to award him attorneys' fees and costs of court as mandatory sanctions for Estrello's failure to comply with section 13.01. Estrello contends Elboar failed to put on any evidence of attorneys' fees and court costs during the evidentiary portion of the hearing and should not be able to present affidavits after the fact in order to prove up that which he was unable to prove at the hearing. We agree.

A party may not recover attorneys' fees from an opposing party unless expressly permitted by a statute or contract between the parties. *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996). Section 13.01(e)(1) mandates that, upon a plaintiff's failure to comply with 13.01(d), the trial court shall award the successful defendant reasonable attorneys' fees and costs of court. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(d), (e)(1). However, nothing in 13.01(e) modifies the general rule that a party seeking attorneys' fees must put on evidence of attorneys' fees. *See generally* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon Supp.1998) (TEX. STATE BAR R. art. X, § 9).

Elboar had every opportunity to put on evidence of attorneys' fees and court costs before the trial court closed the evidentiary portion of the hearing and made its ruling. Texas Rule of Civil Procedure 270 allows a trial court to permit additional evidence to be offered at any time when it clearly appears to be necessary to the due administration of justice. TEX.R. CIV. P. 270. However, a trial court does not abuse its discretion by refusing to reopen a case after evidence is closed if the party seeking to reopen has not shown diligence in attempting to produce the evidence in a timely fashion. *See McNamara v. Fulks*, 855 S.W.2d 782, 784 (Tex.App.—El Paso 1993, no writ).

Elboar was unable to present evidence of attorneys' fees and court costs even though it was their motion and hearing. Although the trial court subsequently ordered that Elboar could include affidavits on attorneys' fees and court costs in the record for appeal, the fact remains that Elboar did not show diligence in attempting to produce the evidence in a timely fashion and the interests of justice do not warrant a second bite at the apple. *See* TEX.R. CIV. P. 270; *McNamara*, 855 S.W.2d at 784. We find the trial court did not abuse its discretion in denying Elboar's request to reopen the evidence. Therefore, we overrule Elboar's sole cross-point.

## IV. Conclusion

Having overruled Estrello's sole issue and Elboar's sole cross-point, we affirm the trial court's order.