Barbara WRIGHT and P.L. Wright, Appellants,

v.

BOWIE MEMORIAL HOSPITAL a/k/a Bowie Hospital District d/b/a Bowie Memorial Hospital Authority d/b/a Bowie Memorial Hospital and Michael T. Layne, Appellees.

No. 2–00–072–CV.

Court of Appeals of Texas, Fort Worth.

May 31, 2001.

Rehearing Overruled July 19, 2001.

---

Queenan Law Firm, M. Keith Queenan and Britta J. Gordon, DeSoto, for Appellant.

Cowles & Thompson, P.C., Charles T. Frazier, Jr., Gregory J. Lensing, Dallas, for Appellee.

PANEL B: DAY, LIVINGSTON, and GARDNER, JJ.

## OPINION

LIVINGSTON, Justice.

Barbara Wright and P.L. Wright, appellants, appeal the trial court's dismissal of their medical malpractice case against Michael T. Layne, a physician's assistant, and Bowie Memorial Hospital a/k/a Bowie Hospital District d/b/a Bowie Memorial Hospital Authority d/b/a Bowie Memorial Hospital (collectively "appellees"), due to their failure to comply with the Medical Liability and Insurance Improvement Act (MLIIA) expert report requirement. TEX.REV. CIV. STAT. ANN. art. 4590i, § 13.01(r)(6) (Vernon Supp.2001). They also appeal the trial court's award of attorney's fees against them. We affirm the trial court's judgment as to Layne and reverse and remand as to Bowie Hospital and reverse and remand on the issue of attorney's fees.

## Facts

Barbara Wright and her husband, P.L. Wright, filed suit against appellees, as well as several other individuals and entities, asserting negligence and medical malpractice claims related to the treatment she received because of her injuries from a motor vehicle accident. The seventy-five-year-old Mrs. Wright was admitted to Bowie Hospital on the day of her accident in December 1996. She was x-rayed and diagnosed with only a patella (knee) fracture despite injuries and x-rays to her right foot while at Bowie Hospital under Layne's and a Dr. Hodde's care. She was then transferred to Bethania Regional Hospital where the diagnosis remained the same. The films of her right foot were either misplaced or unavailable on her admission to Bethania. She had an open reduction and internal fixation of her right patella with no diagnosis of injury to or surgery for her right foot. A month later, in January 1997, one of her doctors noticed a second metatarsal fracture. She participated in physical therapy for her foot pain for two months. However, the pain in her foot continued. Over the next ten months she underwent two more surgeries on her right foot, the last of which was to fuse her foot fracture.

## Adequacy of the Expert Report

In appellants' first issue they complain of the trial court's dismissal of their claims due to the inadequacy of their expert medical report. Under the MLIIA a claimant is required to file an expert medical report that provides a fair summary of the expert's opinion setting forth the standard of care, the manner in which the health care provider failed to meet that standard, and the causal connection between that failure and the injury or harm. *Id.* A court must dismiss the claim if the report is inadequate but *only if* the report fails to show a good faith effort to comply. *Id.* § 13.01(e)(3); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878–79 (Tex.2001) (citing with approv-

al *Hart v. Wright,* 16 S.W.3d 872, 877 (Tex.App.—Fort Worth 2000, pet. denied)).

■ In reviewing a trial court's order to dismiss for failure to provide an adequate expert report, we apply an abuse of discretion standard. *Palacios,* 46 S.W.3d at 877; *Hart,* 16 S.W.3d at 875; *Estrello v. Elboar,* 965 S.W.2d 754, 758 (Tex.App.—Fort Worth 1998, no pet.); *accord Morrill v. Third Coast Emergency Physicians, P.A.,* 32 S.W.3d 324, 327 (Tex.App.—San Antonio 2000, pet. denied); *Tesch v. Stroud,* 28 S.W.3d 782, 786 (Tex.App.—Corpus Christi 2000, pet. denied); *Jackson v. Reardon,* 14 S.W.3d 816, 818 (Tex.App.—Houston [1st Dist.] 2000, no pet.) (applying abuse of discretion standard to review of timeliness of expert report, but not to timeliness question); *Schorp v. Baptist Mem'l Health Sys.,* 5 S.W.3d 727, 733 (Tex.App.—San Antonio 1999, no pet.); *Tibbetts v. Gagliardi,* 2 S.W.3d 659, 663 (Tex.App.—Houston [14th Dist.] 1999, pet. denied) (applying abuse of discretion standard of review to both timeliness and adequacy); *Martinez v. Lakshmikanth,* 1 S.W.3d 144, 146 (Tex.App.—Corpus Christi 1999, pet. denied) (applying abuse of discretion standard to review of timeliness of plaintiff's nonsuit). Appellants urge us to adopt the summary judgment standard of review where the dismissal by the trial court is based on the inadequacy of the report as opposed to its untimeliness. They cite the first court's *Palacios* opinion for this proposition. *See Palacios v. Am. Transitional Care Ctrs. of Tex., Inc.,* 4 S.W.3d 857, 860 (Tex.App.—Houston [1st Dist.] 1999, pet. granted). However, this court has previously decided this issue against appellants as to both an untimely report and as to an inadequate report. *See Elboar,* 965 S.W.2d at 758–59; *Hart,* 16 S.W.3d at 875. And, this issue has recently been decided against them by our supreme court. *See Palacios,* 46 S.W.3d at 877–78.

■ This dismissal order broadly bases the dismissal on failure to comply with article 4590i, section 13.01 but it fails to identify the particular deficiencies of the report and contains no findings to support it despite two hearings focusing on the report's alleged deficiencies. However, our supreme court has directed us to look only to the report itself in conducting a section 13.01(*l* ) inquiry; "the only relevant information is in the report itself." *Id.* at 878.

■ Thus, we must determine whether the trial court abused its discretion in determining whether the report evidences a good faith effort to provide a fair summary of the expert's opinion. *Id.* at 878–79. A report need not marshal all the plaintiff's proof but it must include the expert's opinion on each of the elements identified in the statute. *Id.; see Hart,* 16 S.W.3d at 877. "[T]he report must inform the defendant of the specific conduct the plaintiff has called into question. Second, and equally important, the report must provide a basis for the trial court to conclude that the claims have merit." *Palacios,* 46 S.W.3d at 879.

■ Appellants provided a hand-written report from a Dr. Marks for their expert report. The report contained no summary on the standard of care, breach of that standard, or causal relationship to any damages as to appellee Layne. Appellants conceded at oral argument that the trial court did not abuse its discretion in dismissing appellants' claims against him. Appellants' first issue is, therefore, overruled as to Layne.

As to Bowie Memorial Hospital, Dr. Marks's hand-written report stated, in pertinent part:

I have reviewed the material you sent me on the above case. I believe that **the hospital fell below the appropriate standard of care in not having a defined mechanism in place whereby x-rays taken in the E.R. are read by a physician specialized in interpreting the films in a timely manner ( [i.e.]** less than 24 hrs). X-rays taken in the **[E.R.] need to have re-reads performed within 24 hrs** and if there is a discrepancy in the x-ray readings **a system should be in place to inform the patient of this. There did not appear to be any procedure that the hospital has for tracking x-rays.** The hospital also doesn't seem to have **a system of orienting health care professionals working in the E.R.** nor any form of Q/A for P.A.'s staffing the E.R. **There didn't appear to be any organized system or protocols for P.A. supervision in the E.R.**

. . . .

I do believe that it is reasonable to believe that if the x-rays would have been correctly read and the appropriate medical personnel acted upon those findings then **Ms. Wright would have had the possibility of a better outcome.** [Emphasis added.]

█ First, the report identifies the appropriate standard of care for the hospital: "[H]aving a defined mechanism in place whereby x-rays taken in the E.R. are read by a physician specialized in interpreting the films in a timely manner ( [i.e.] less than 24 hrs).... [A] system should be in place to inform the patient of this."

Second, it clearly identifies the manner in which the hospital failed to meet that particular standard: "There did not appear to be any procedure that the hospital has for tracking x-rays."

And third, the report provided insight into the causal relationship between any breach and the damages suffered: "[I]f the x-rays [had] been correctly read and ... acted upon ... then Ms. Wright would have had the possibility of a better outcome." While we believe the report adequately provides a fair summary of the standard of care and how the hospital failed to meet that standard, we do not believe it adequately summarizes the causal relationship between the failure and the injury claimed. However, section 13.01(*l* ) instructs the trial court to dismiss *only if* the report does not represent a good faith effort to comply with section 13.01(r)(6)'s definition of expert report. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l* ). According to the supreme court, the focus should be on whether the report provides a basis to conclude that the claims have merit. *Palacios,* 46 S.W.3d at 878–79. While the doctor's report only stated there was a *possibility* that Ms. Wright might have had a better outcome, we believe this is sufficient to meet the "good faith effort to comply" requirement to provide a fair summary of causation. Cases requiring a showing of "reasonable medical probability" as opposed to a mere "possibility" that the defendant's negligence caused the plaintiff's injury are cases analyzing the threshold a plaintiff must meet to get to a jury or to avoid an instructed verdict. *See, e.g., Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711–12 (Tex. 1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). In other words, we are not trying to see if the expert report could support a judgment at this point, but trying to determine whether the expert report is a good faith effort at a fair summary of the appellants' claim. Likewise, we do not believe the adequacy of the report should be based solely upon the claimant's failure to use magical words, like "reasonable probability." *See Schae-*

*fer v. Tex. Employers' Ins. Ass'n,* 612 S.W.2d 199, 202 (Tex.1980); *Ins. Co. of N. Am. v. Myers,* 411 S.W.2d 710, 713 (Tex. 1966). We therefore hold appellants' report was a good faith effort to comply because it provides a basis for the trial court to conclude that the claim has merit.

Because the trial court should have dismissed the claim only if the report failed to show a good faith effort to provide a fair summary of the appellants' claim under section 13.01(r), we believe the trial court abused its discretion in dismissing appellants' claims against Bowie Hospital. To this extent, appellants' first issue is sustained.

 In appellants' second issue, they challenge the trial court's award of attorney's fees to the appellees, contending there was no evidence to support the award to it. Appellants complain that appellees presented no evidence on attorney's fees at the October 21, 1999 hearing. Further, they complain that the attorney's fee affidavit at pages 50 and 51 of the clerk's record is not part of the clerk's record and they object to its inclusion. Additionally, they complain of appellees' failure to segregate the attorney's fees incurred for Layne from those incurred for Bowie Hospital.

Because we have determined the trial court abused its discretion in dismissing the suit against Bowie Hospital, it would be error to award attorney's fees. Under section 13.01(e)(1) reasonable attorney's fees and costs may be awarded only to a defendant who is dismissed. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e)(1); *Elboar,* 965 S.W.2d at 759. Because the dismissal was appropriate as to Layne, he was the only defendant entitled to recover attorney's fees and costs. To the extent appellants' second issue challenges the award of attorney's fees to Bowie Hospital, we sustain issue two. As to appellee Layne, is-

sue two is overruled. Because the fees and costs were not segregated between the two defendants, the attorney's fees issue is reversed and remanded to the trial court for a determination consistent with this opinion.

DAY, J., filed a dissenting opinion.

DAY, Justice, dissenting.

I respectfully dissent from the majority's holding that the trial court abused its discretion in dismissing Appellants' claims against Bowie Memorial Hospital (Bowie) because Appellants' expert report illustrated a good faith effort to comply with section 13.01(r)(6)'s definition of an expert report. TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*) (Vernon Supp.2001).

As the majority explains, we review a trial court's order to dismiss a cause of action brought pursuant to article 4590i because of the failure to provide an adequate expert report under an abuse of discretion standard. *Hart v. Wright,* 16 S.W.3d 872, 875 (Tex.App.—Fort Worth 2000, pet. denied); *Estrello v. Elboar,* 965 S.W.2d 754, 757–58 (Tex.App.—Fort Worth 1998, no pet.). The majority concludes the trial court abused its discretion because they feel that Appellants Barbara and P.L. Wright attempted in good faith to satisfy the requirements of section 13.01(r)(6); however, merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Furthermore, section 13.01(*l*) itself provides that:

A court shall grant a motion challenging the adequacy of an expert report *only if*

*it appears to the court, after hearing,* that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of this section.

Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(*l*) (emphasis added).

Section 13.01(r)(6) provides that an expert's report is a report written by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding: (1) the applicable standard of care; (2) the manner in which the care rendered by defendant failed to meet the standard of care; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 13.01(r)(6). The majority concludes that Appellants' expert report sufficiently satisfied the first two elements, but that it failed to provide a fair summary of a causal relationship under the third element. However, the majority holds that it was a good faith effort to comply. The majority reasons that the adequacy of the expert's report should not be based solely upon the claimant's failure to use magical words, like "reasonable probability."

The majority, however, does conclude that the use of the word "possibility" does satisfy the good faith effort to comply requirement. The trial court held two hearings to determine whether the expert report was adequate and whether Appellants made a good faith effort to comply. The court heard arguments from both sides and reviewed the expert report. The trial judge indicated that he had to research the issue, and he questioned Appellants' counsel about how the expert report affected Bowie. While I agree that a court should not find a lack of good faith merely because the expert report failed to include the magical words "reasonable probability," I also believe that we should be restrained in concluding that the report's bare statement that there was a "possibility" that Ms. Wright might have had a better outcome indicated a good faith effort to comply with section 13.01(r)(6) in contradiction to the trial court's determination.

The record suggests that the trial court could not find a connection between the expert report and Bowie. The trial court specifically stated that "I'm still having a hard time seeing why we have to hold the hospital. I mean ... where is their goof?" Appellants' counsel argued that Bowie's "goof" was in the fact that it saw Barbara Wright with enough of an injury to order an X-ray, it did not adequately look at the X-ray to diagnose her broken foot, and it sent her to another hospital with a report that she had only a broken knee. However, Appellants' counsel conceded that the doctor at the subsequent hospital had an independent duty to verify Michael Layne's report.

Although we may decide that we would have ruled differently than the trial court, we cannot substitute our decision for that of the trial court. *See Downer,* 701 S.W.2d at 241–42. Therefore, after a review of the record, I would hold that the trial court did not abuse its discretion in concluding that Appellants failed to comply with section 13.01(r)(6). Accordingly, I would affirm the trial court's judgment.