NO. 07-04-0415-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 24, 2004



______________________________




RICHARD RAMOS, APPELLANT



V.



WILLIS MORAN, APPELLEE




_________________________________



FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;



NO. 8849; HONORABLE DAVID MCCOY, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to prior directives of this Court and correspondence from appellant Ramos,
this appeal is dismissed. 

 Phil Johnson

 Chief Justice





ron, and granted the motion. On appeal, the
Chisholms assert three points of error. The first concerns whether Maron acted timely. 
The second and third involve whether the court acted prematurely or upon "testimony
given by the Plaintiffs' expert." We overrule each and affirm the order of dismissal. 


Background


 On March 11, 1997, the Chisholms filed suit against Maron alleging medical
malpractice resulting in an injury to Michael. The injury allegedly consisted of trauma to
his right sciatic nerve which occurred during hip replacement surgery. Maron filed a
motion to dismiss the action on January 21, 1999, contending that the Chisholms failed to
timely comply with §13.01 (a) and (d) of the Texas Medical Liability and Improvement Act
(the Act). That is, Maron contended that they had not timely furnished him with an expert's
report summarizing the supposed malpractice committed by him. The Chisholms sought
and received a thirty day extension of time to file the report. Within that extended period,
the Chisholms filed what they apparently considered to be a report and resume satisfying
the Act. Maron thought otherwise and again moved to dismiss. Through his motion, he
urged that the report failed to show that the person opining about Maron's supposed
negligence "possessed the qualifications" of an expert. The trial court set the matter for
hearing and subsequently granted the motion and dismissed the suit. 

 Standard of Review


 Whether the trial court erred in dismissing the cause depends upon whether it
abused its discretion. American Transitional Care Ctrs. of Tex. Inc. v. Palacios, 46 S.W.3d
873, 877 (Tex. 2001); Hanzi v. Bailey, 48 S.W.3d 259, 262 (Tex. App.-San Antonio 2001,
pet. denied). Next, whether a trial court abused its discretion is dependent upon whether
it acted without reference to any guiding rules or principles or without evidentiary support
underlying its decision. Id. 

Application of Standard


 As previously mentioned, the Chisholms assert three points of error. To adequately
address them, however, we first discuss the statutory provisions involved and their
meaning. Specifically, one suing another for medical malpractice must

 [n]ot later than the later of the 180th day after the date on which a health care
liability claim is filed or the last day of any extended period . . . (1) furnish to
counsel for each physician . . . one or more expert reports, with a curriculum
vitae of each expert listed in the report; or (2) voluntarily nonsuit the action
against the physician. . . .


Tex. Rev. Civ. Stat. Ann. art. 4590i, §13.01(d) (Vernon Supp. 2001). Should the plaintiff
not do so, then the trial court must

 . . . on the motion of the affected physician . . ., enter an order awarding as
sanction against the claimant or the claimant's attorney: (1) the reasonable
attorney's fees and costs of court incurred by that defendant; (2) the
forfeiture of any cost bond respecting the claimant's claim against that
defendant to the extent necessary to pay the award; and (3) the dismissal of
the action of the claimant against that defendant with prejudice to the claim's
refiling. 


Id. at §13.01(e). However, if a report is timely filed, the opponent may still challenge its
adequacy. 

 Next, to be an adequate expert report within the purview of the Act, it must be
written by an expert and provide a fair summary of that expert's opinions regarding the
applicable standards of care, the manner in which the care rendered deviated from those
standards, and the causal relationship between the deviation and the injury allegedly
suffered. Id. at §13.01(r)(6). In other words, the expert must do more than merely voice
his opinions in the report. He is obligated to also inform the defendant of the specific
conduct called into question and provide a basis for the trial court to conclude that the
claims have merit. American Transitional Care Ctrs, of Tex. Inc. v. Palacios, 46 S.W.3d
at 879; Wright v. Bowie Mem'l Hosp., 48 S.W.3d 443, 446 (Tex. App.-Fort Worth 2001,
pet. filed). 

 So too must the report state the name of the purported expert and establish his
qualifications as an expert. Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727, 732 (Tex.
App.--San Antonio 1999, no pet.) (holding that the report did not meet the requirements
of §13.01(d) because it omitted the expert's name and qualifications). That the conclusion
reached in Schorp is accurate is evinced by both statute and Supreme Court precedent. 
For instance, in defining the term "expert report," the legislature stated, in part, that the
document consists of a "written report by an expert . . . ." Tex. Rev. Civ. Stat. Ann. art.
4590i, §13.01(r)(6). Furthermore, "expert" as defined by the same legislative body, means
"an expert qualified to testify under the requirements of" art. 4590i, §14.01(a) of the Act. 
Id. at 13.01(r)(5)(A) (emphasis added). So, before a document can be considered an
expert report, it must be rendered by one qualified to testify as an expert on the particular
subject-matter. And, because we are restricted to "the four corners of the document" in
determining whether the report complied with the demands of §13.01, American
Transitional Care Ctrs. of Tex. Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001), and the
document must be that of a qualified expert, it follows that it must illustrate that the person
rendering the opinion therein is a qualified expert. Indeed, anything less would fall short
of providing a basis for the trial court to conclude that the claims have merit. See
American Transitional Care Ctrs. of Tex. Inc. v. Palacios, 46 S.W.3d at 879 (stating that
the report must provide the trial court basis upon which to conclude that the claims have
merit). This is so because claims of medical malpractice without testimonial support from
a qualified expert lack merit. Id. at 876-77.

 Finally, the legislature has also dictated the requirements for qualifying as an expert
in a medical malpractice case. According to that body, the individual must 1) be practicing
medicine at the time the opinion is rendered or at the time the claim arose, 2) have
knowledge of accepted standards of medical care for the diagnosis, care or treatment of
the illness, injury, or condition involved in the claim, and 3) be qualified on the basis of
training or experience to offer an expert opinion regarding those accepted standards of
medical care. Tex. Rev. Civ. Stat. Ann. art. 4590i, §14.01(a)(1),(2), & (3). With this said,
we turn to the points asserted by the Chisholms.

 Here, Maron moved to dismiss the suit because the supposed expert report
tendered by the Chisholms did not illustrate that its creator, Elliot B. Oppenheim, M.D., was
a qualified expert. That is, it allegedly failed to illustrate that the doctor was 1) trained or
experienced in the field of orthopedic surgery (i.e., Maron's field of practice) or 2) actively
practicing or providing medical care services in that particular field. In granting the motion
and dismissing the suit, the trial court obviously agreed with Maron. 

 On appeal, the Chisholms suggest that the report did show Oppenheim satisfied the
second criteria because his resume indicated that he had written various articles read by
others. Assuming arguendo that simply writing articles for a journal constitutes the
practice of medicine for purposes of §14.01(a), the Chisholms do not argue that
Oppenheim's vita established that he had experience in the field of orthopedic surgery. 
That is also required. (1) Instead, they seek reversal by urging that 1) Maron waived
complaint because it was untimely raised and 2) Oppenheim had to be deposed or
evidence (apart from the report itself) had to be developed regarding his qualifications
before the trial court could dismiss the suit. We disagree.

 Concerning the matter of waiver, the Chisholms are correct in arguing that statute
obligates one objecting to the qualifications of an expert to do so "not later than the later
of the 21st day after the date the objecting party receives a copy of the witness's [resume]
or the date of the witness' deposition." Tex. Rev. Civ. Stat. Ann. art. 4590i, §14.01(e). 
Yet, Maron did not object to Oppenheim's qualifications of an expert. Rather, he
contended that the Chisholms did not comply with art. 4590i, §13.01(d). Moreover, they
failed to comply because the report in question does and did not illustrate that Oppenheim
was qualified, as required by Schorp and the other authorities we discussed above. 

 Simply put, there is a difference between questioning an expert's qualifications and
questioning a plaintiff's compliance with art. 4590i, §13.01(d). Through the latter, the
complainant is not necessarily saying the expert is unqualified. Instead, he questions
whether the report satisfied the conditions mandated by the legislature via art. 4590i,
§13.01(d). Those are distinct topics. And, because they are distinct, the time limitation
applicable to one's objecting to the qualifications of an expert do not apply to objections
involving compliance with §13.01(d). That the legislature intended this to be true is also
depicted by the wording of §14.01(e). There, the legislature stated that "pretrial objections
to the qualifications of a witness under this section. . . ." must occur within the time allotted
in §14.01(e). See Tex. Rev. Civ. Stat. Ann. art. 4590i, §14.01(e) (emphasis added). In
using the passage "under this section," the legislature was undoubtedly referring to art.
4590i, §14.01, not §13.01. Given this, we eschew the invitation of the Chisholms to
engraft the time restriction expressed in §14.01(e) into §13.01. If the legislature wanted
the limitation to apply, it would have written the Act differently.

 As to the remaining contentions of the Chisholms, to hold that a defendant must
obtain evidence of the expert's qualifications from a source other than the expert report
before contending that the report fails to establish the expert's credentials is to ignore
Palacios. The same is true with the proposition that the trial court must have before it
evidence, apart from the expert's report, before dismissing the suit under art. 4590i,
§13.01(e). Again, the Texas Supreme Court restricted the trial court to the four corners
of the expert report when determining the adequacy of the report. American Transitional
Care Ctrs. of Tex. Inc. v. Palacios, 46 S.W.3d at 878. So, the defendant is not required
to garner, nor must the trial court have before it, evidence other than the report before the
cause can be dismissed due to non-compliance with §13.01(d). 

 Accordingly, the order dismissing the cause with prejudice is affirmed



 Brian Quinn

 Justice


Publish.
1. Again, statute obligates the purported expert to have practiced medicine at the time the report was
made or the claim arose, to have knowledge of the applicable standard of care, and to be qualified on the
basis of training or experience to offer an expert opinion regarding the applicable standard of care. Tex.
Rev. Civ. Stat. Ann. §14.01(a)(1) & (3) (Vernon Supp. 2001).