COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-085-CV

 

 

ROY HERNANDEZ, INDIVIDUALLY                                          APPELLANT

AND
D/B/A HERNANDEZ ROOFING                                     AND
APPELLEE

 

                                                   V.

 

PHILIP LAUTENSACK                                                              APPELLEE

AND APPELLANT

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.                   
Introduction








            Roy Hernandez, individually and d/b/a/ Hernandez Roofing
and Philip Lautensack filed cross appeals from a judgment in favor of
Lautensack concerning the roof Hernandez put on Lautensack=s house.  In three issues, Hernandez argues that
Lautensack=s presuit
notice under the Residential Construction Liability Act was untimely, that
there was no evidence that Lautensack=s
alleged damages were reasonable, and that the trial court erred in awarding
attorney=s fees to
Lautensack because his presuit demand was excessive.  In two issues, Lautensack argues that the
evidence conclusively proved his attorney=s
fees in an amount double what the jury awarded to him and that the trial court
erred by refusing to reopen testimony so that Lautensack=s
counsel could testify about appellate attorney=s
fees.  We modify the trial court=s judgment and affirm it as modified.

II.                
Factual and
Procedural Background

            In 1999, Lautensack hired Hernandez to replace the slate
tile roof on Lautensack=s
residence at a cost of $20,000.  The new
roof had many leaks that Hernandez was unable to stop.  In 2002, Hernandez told Lautensack that the
leaks were the result of hail damage and offered to replace the roof for $9,100
in labor charges if Lautensack provided new slate tiles at a cost of
$25,000.  Unhappy with Hernandez=s prior work, Lautensack hired another
roofer, Kip Petty, to install a new cement tile roof for $32,300.  Petty documented several defects in Hernandez=s previous roofing job, including lack
of proper underlayment, lack of metal flashing, and improper tile spacing.  Petty replaced the roof in September 2002. 








Lautensack sent Hernandez a claim notice letter on
February 12, 2003, by certified and regular mail.  The letter described various problems with
the roof, alleged breaches of express warranties and DTPA violations, and
threatened litigation unless Hernandez paid Lautensack $41,880.  The certified letter was returned unclaimed;
the regular letter was not returned. 
Hernandez did not reply.

Lautensack sued Hernandez on April 17, 2003, for
breach of contract, misrepresentation, fraud, and deceptive trade practices and
sought actual damages, attorney=s
fees, and exemplary damages.  Hernandez
responded with a plea in abatement claiming that Lautensack had failed to serve
the requisite presuit notice under the Residential Construction Liability Act (ARCLA@).  See Tex.
Prop. Code Ann. ''
27.001B.003
(Vernon Supp. 2005), .0031 (Vernon 2000), .004 (Vernon Supp. 2005), .0041
(Vernon 2000), .0042 (Vernon Supp. 2005, .005-.006 (Vernon 2003), .007 (Vernon
Supp. 2005).  Though Lautensack contended
that his first letter was sufficient notice under the RCLA, he eventually sent
a second notice letter in response to Hernandez=s
plea in abatement. 








The case was ultimately tried to a jury.  The jury returned a verdict in favor of
Lautensack on all causes of action and awarded him $24,750 in actual damages plus
$10,680 in attorney=s
fees.  The jury also found that
Lautensack=s RCLA
notice was untimely because it did not give Hernandez the opportunity to
inspect the alleged roof defects and offer to repair them.  For reasons not relevant to this appeal, the
trial court disregarded the jury=s
answers to the breach of warranty and DTPA issues.  The trial court then signed a judgment in
favor of Lautensack for the amounts awarded by the jury. Both parties appealed.

III.              
Discussion

            a)         Hernandez=s
Issues

                        i)          Timeliness of RCLA notice

            In his first issue, Hernandez argues that the trial court
erred by rendering judgment for Lautensack because the jury found that
Lautensack=s presuit
notice failed to meet the requirements of the RCLA.  We disagree.








Section 27.004 of the RCLA provides that a
claimant seeking damages arising from a contractor=s
construction defect must give the contractor written notice of the alleged
defect more than sixty days before filing suit. 
Tex. Prop. Code Ann. ' 27.004(a).  After receiving notice, the contractor has
thirty-five days to inspect the property and forty-five days to make a written
offer of settlement.  Id. ' 27.004(a)B(b).  Under the RCLA as amended in 2003, failure of
the claimant to give the requisite presuit notice results in dismissal of the
suit.  Id. '
27.004(d).  But as Hernandez concedes in
his brief, the prior version of the RCLA applicable to this suit contained no
dismissal provision; instead, it provided for abatement of a suit where the
claimant failed to provide the requisite presuit notice.  See Act of May 17, 1995, 74th Leg., R.S., ch.
414, ' 10, 1995 Tex.
Gen. Laws 2988, 2996 (amended 2003) (current version at Tex. Prop. Code Ann. ' 27.004(d)).

The trial court submitted the
following question to the jury as part of the charge:

Do you find that, 60 days preceding the filing of
this suit by Philip Lautensack against Roy Hernandez, Philip Lautensack gave
written notice by Certified Mail/Return Receipt Requested to Roy Hernandez specifying,
in reasonable detail, the construction defects that are the subject of the
complaint at a time when Roy Hernandez could have performed any of the
following:

 

a.      Within 35 days of receipt of the written notice, Roy Hernandez
had a reasonable opportunity to inspect the property, to determine the nature
and cause of the construction defect and the nature and extent of repairs
necessary to remedy the construction defect?

 

. . . . 

 

b.     Within 45 days of receipt of the written notice, make an offer
to repair, or to have repaired by an independent contractor at Roy Hernandez=s
expense, the construction defect described in the notice?

 

The jury answered Ano@ to both
parts of the question. 








Hernandez argues that the
jury=s answers to this question compel a judgment in his favor.  Hernandez does not argue that the content of
Lautensack=s notice was
deficient; rather, he argues that by replacing the roof before he sent his
notice letter, Lautensack deprived Hernandez of the opportunity to inspect the
property and offer to repair the alleged defects under RCLA section 27.004.

We reject Hernandez=s argument for several reasons. 
First, the practical effect of Hernandez=s argument is to engraft the dismissal provision of the current RCLA
onto the prior version that controls this case. 
This we cannot do.  We must apply
the law as the legislature wrote it.  Reese
v. Duncan, 80 S.W.3d 650, 658 (Tex. App.CDallas 2002, pet. denied). 
Second, the RCLA=s intent to
give a contractor a reasonable opportunity to inspect the property upon request
was effectuated under the facts of this case. 
The undisputed evidence at trial proved that Hernandez did in fact
inspect the roof many times when he attempted to repair leaks before it was
replaced and submitted a bid to replace the roof in September 2002.  Lautensack rejected Hernandez=s bid and chose to have his roof replaced by another contractor.  Third, the RCLA expressly provides that a
contractor may make a monetary settlement offer, not just an offer to repair
the defects.  Tex. Prop. Code Ann. ' 27.004(b), (n).  The fact that
Lautensack had the defective roof replaced before he sent his notice letter did
not deprive Hernandez of the opportunity to inspect the roof, make an offer to
repair or replace the roof, or make a timely, monetary settlement offer.








The version of the RCLA that
governs this suit simply does not provide for the result that Hernandez
seeks.  We overrule his first issue.

1.                 
No evidence of
reasonable cost of repair

            In his second issue, Hernandez argues that there was no
evidence that Lautensack=s
repair costs were reasonable.  We
disagree.

A legal sufficiency challenge may only be sustained
when:  (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire
Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998), cert. denied, 526
U.S. 1040 (1999); Robert W. Calvert, ANo Evidence@ and AInsufficient
Evidence@ Points of
Error, 38 TEX. L. REV. 361, 362-63 (1960).  In
determining whether there is legally sufficient evidence to support the finding
under review, we must consider evidence favorable to the finding if a
reasonable factfinder could, and disregard evidence contrary to the finding
unless a reasonable factfinder could not. 
City of Keller v. Wilson,168 S.W.3d 802, 828 (Tex. 2005). 








A party seeking recovery for
the cost of repairs must prove their reasonable value.  Ebby Halliday Real Estate, Inc. v. Murnan,
916 S.W.2d 585, 589 (Tex. App.CFort Worth 1996, writ denied). 
To establish the right to recover costs of repair, it is not necessary
for a claimant to use the words Areasonable@ and Anecessary@; a claimant
need only present sufficient evidence to justify a jury=s finding that the costs were reasonable and the repairs
necessary.  Id.;  Ron Craft Chevrolet, Inc. v. Davis,
836 S.W.2d 672, 677 (Tex. App.CEl Paso 1992, writ denied).

Kip Petty, the roofer who
replaced the roof installed by Hernandez, testified without objection as an
expert in residential roof installation generally and slate tile roofs
specifically.  Petty testified that
Hernandez failed to install adequate metal flashing, failed to space the slate
tiles far enough apart, and improperly installed the roof underlayment.  He testified that because of these defects,
the roof Hernandez installed Anever had a chance@ to be watertight. Petty determined after his first inspection that
the roof could not be repaired and needed to be replaced.  He testified that he bid $32,330 to replace
the roof, and  his invoice reflects that
Lautensack paid the full amount. 








Don Gove testified that he
performed structural carpentry work on Lautensack=s house in conjunction with Petty=s roof replacement.  Gove
testified that Lautensack=s house was
designed to carry a cedar shingle roof, which would weigh about a third as much
as a slate tile roof.  Gove replaced
several rafters that had sagged or broken under the weight of Hernandez=s roof. He performed this work according to the recommendations of a
structural engineer.  Gove charged $2,400
for the structural work, plus another $1,500 for altering three dormer windows
to accept appropriate flashing.  Gove
specifically testified that those repairs were necessary. 

Other evidence showed that
the Hernandez charged $20,000 for the roof he installed on Lautensack=s house and that Hernandez offered to replace his first roof for
$9,100 plus $25,000 in slate to be provided by Lautensack.  Hernandez himself offered the estimate of
another roofer to replace just 419 out of the 14,000 to 15,000 slate tiles on
Lautensack=s roof for
$22,015.  We conclude that this is some
evidence to support the $24,750 in actual damages awarded by the jury as the
reasonable cost of replacing Lautensack=s roof.  We overrule Hernandez=s second issue.

2.                 
Excessive
demand

            In his final issue, Hernandez argues that the trial court
erred by awarding attorney=s
fees to Lautensack because the jury found that Lautensack=s settlement demand was excessive.  Once again, we disagree.








In Findlay v. Cave, the supreme court held
that a creditor who makes an excessive demand on a debtor is not entitled to
attorney=s fees
under Tex. Rev. Civ. Stats. Ann. art.
2226 (now chapter 38 of the civil practice and remedies code) for subsequent
litigation required to recover the debt. 
611 S.W.2d 57, 58 (Tex. 1981); see Tex. Civ. Prac. & Rem. Code Ann. '
38.001B.002
(Vernon 1997).  A demand is not excessive
simply because it is greater than what the jury later determines is actually
due.  Pratt v. Trinity Projects, Inc.,
26 S.W.3d 767, 769 (Tex. App.CBeaumont
2000, pet. denied).  The dispositive
inquiry for determining whether a demand is excessive is whether the claimant
acted unreasonably or in bad faith.  Id.;
Allstate Ins. Co. v. Lincoln, 976 S.W.2d 873, 876 (Tex. App.CWaco 1998, no pet.).  Application of this rule is limited to
situations where the creditor refuses a tender of the amount actually due or
indicates clearly to the debtor that such a tender would be refused.  Findlay, 611 S.W.2d at 58.

In this case, the record contains no evidence that
Hernandez ever tendered the amount actually due, that Lautensack refused any
such tender, or that Lautensack indicated to Hernandez that such a tender would
be refused.  We hold, therefore, that
there was legally insufficient evidence to support the jury=s finding that Lautensack=s demand was excessive and that the
trial court did not err by disregarding that finding and awarding attorney=s fees to Lautensack.  See Tex. R. Civ. P. 301 (providing that
trial court may disregard any jury finding that has no support in the
evidence).  We overrule Hernandez=s third issue.

 








 

B.                
Lautensack=s Issues

                        i)          Attorney=s
fees

            In his first issue,
Lautensack argues that he conclusively proved reasonable and necessary attorney=s fees of $21,360 through the end of trial  and that the trial court erred by awarding
him only the $10,680 in attorney=s feesCexactly half
the amount he claimedCthat the
jury found were reasonable and necessary. 








The amount of reasonable
attorney=s fees is usually a question for the fact finder.  Ragsdale v. Progressive Voters League,
801 S.W.2d 880, 882 (Tex. 1990).  The
testimony of an interested witness on attorney=s fees generally does no more than raise a fact issue.  Id. 
But testimony from an interested witness may prove attorney=s fees as a matter of law when the testimony is not contradicted by
any other witness or attendant circumstances and is free from contradiction,
inaccuracies, and circumstances tending to cast suspicion on the evidence,
especially when the opposing party had the means and opportunity of disproving
the testimony and failed to do so.  Id.;
see also Welch v. Hrabar, 110 S.W.3d 601, 610-11 (Tex. App.CHouston [14th Dist.] 2003, pet. denied); Elias v. Mr. Yamaha, Inc.,
33 S.W.3d 54, 62-63 (Tex. App.CEl Paso 2000, no pet.); Gulf Shores Council of Co‑Owners,
Inc. v. Raul Cantu No. 3 Family Ltd. P=ship, 985 S.W.2d 667, 677 (Tex.
App.CCorpus Christi 1999, pet. denied).

In this case, Lautensack=s attorney, Mr. Holland, testified that Lautensack had incurred
reasonable and necessary attorney=s fees through the end of trial of $21,360.  He introduced as exhibits his monthly
invoices, which reflected the work he performed, how long it took, and how much
he charged for it.  Hernandez
cross-examined Holland extensively, but the focus of the cross-examination was
whether Lautensack had complied with the RCLA=s notice requirements.  The
closest Hernandez came to controverting Lautensack=s attorney=s fees was
when he asked whether the work Holland performed before sending the second
demand letter was Apremature,@ to which Holland answered Ano.@  Because Holland answered the question in the
negative, his fees remained uncontroverted.

No other witness contradicted
Holland=s testimony; indeed, no other witness testified about attorney=s fees.  Holland=s testimony and exhibits were free from contradiction, inaccuracy, and
circumstances tending to cast suspicion on them.  Hernandez had the opportunity to contradict
Holland=s testimony but failed to do so.

We hold that Lautensack
proved reasonable and necessary attorney=s fees of $21,360 as a matter of law and sustain his first issue.








1.                 
Refusal to
permit additional testimony

            In his second issue, Lautensack argues that the trial
court erred by refusing to reopen testimony so that he could offer evidence of
his anticipated attorney=s
fees in the court of appeals and supreme court. 








Rule of procedure 270 provides that a trial court
may permit additional evidence to be offered at any time when it clearly
appears necessary to the administration of justice.  Tex.
R. Civ. P. 270.  Rule 270 allows, but does not require, the court to permit additional
evidence.  Lopez v. Lopez, 55
S.W.3d 194, 201 (Tex. App.CCorpus Christi 2001, no pet.). 
In determining whether to grant a motion to reopen, the trial court
considers whether: (1) the moving party showed due diligence in obtaining the
evidence, (2) the proffered evidence is decisive, (3) reception of such
evidence will cause undue delay, and (4) granting the motion will cause an injustice.  Word of Faith World Outreach Ctr. Church
v. Oechsner, 669 S.W.2d 364, 366‑67 (Tex. App.CDallas 1984, no writ).  The
decision to reopen is within the trial court=s sound discretion.  Estrello
v. Elboar, 965 S.W.2d 754, 759 (Tex. App.CFort Worth 1998, no pet.).  A
trial court does not abuse its discretion by refusing to reopen a case after
evidence is closed if the party seeking to reopen has not shown diligence in
attempting to produce the evidence in a timely fashion.  See id.  The trial court should exercise its
discretion liberally Ain the
interest of permitting both sides to fully develop the case in the interest of
justice.@  Word of Faith, 669
S.W.2d at 366-67.

Lautensack had every
opportunity to put on evidence of his appellate attorney=s fees before the trial court closed the evidentiary phase of the
trial.  His attorney testified at length
about his fees.  Nothing in the record
shows that Lautensack was diligent in attempting to produce evidence of his appellate
attorney=s fees in a timely fashion, nor does he address the question of
diligence in his brief.  Under these
circumstances, Athe
interests of justice do not warrant a second bite at the apple.@  Estrello, 965 S.W.2d at
759.  We hold that the trial court did
not abuse its discretion by denying Lautensack=s motion to reopen the evidence. 
We overrule his second issue.

2.                 
Motion for
judicial notice

            Lautensack has filed a motion requesting that we take
judicial notice of his attorney=s
affidavit and other documents filed in the trial court and attached to his
brief in this court.  Lautensack
represents that those documents reflect what he would have claimed as appellate
attorney=s fees if
the trial court had allowed him to reopen the evidence.  Because we hold that the trial court did not
abuse its discretion by refusing to reopen the evidence, we deny Lautensack=s motion for judicial notice as moot.

 








IV.             
Conclusion

            We
overrule Hernandez=s issues
and Lautensack=s second
issue.  We sustain Lautensack=s first issue and modify paragraph 2 of
the trial court=s
judgment to state, APlaintiff
is entitled to recover from Defendant reasonable and necessary attorney=s fees in the amount of $21,360.@ 
We affirm the judgment as modified. 
See Tex. R. App. P. 43.2(b).

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DELIVERED:  April 13, 2006